IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1856, IN THE FORTY-
FIRST YEAR OF THE STATE.

---

## ATKINSON v. JACKSON.

A father promised his infant son to convey to him certain land, in consideration of his services until he should be twenty-one years of age. The son worked for his father until he was twenty-two years of age; at the end of which time, the father renewed his promise, transferred the land on the tax-list, and gave the son possession. The son made improvements, largely enhancing its value. The father suddenly died intestate, without executing a conveyance. The son brought his petition for specific performance, against the other heirs. *Held*, that the year's service after the son became of age, constituted a valuable consideration; and that the entry and improvements, coupled with the acts of the father, took the case out of the Statute of Frauds.

Where the contract is certain, fair in all its parts, founded on a valuable consideration, does not interfere with the rights of creditors, and is capable of being performed, the courts will generally decree specific performance.

APPEAL from the *Henry* Circuit Court.

*Monday, November 24.*

STUART, J.—*Atkinson* filed his complaint, in the form of a petition to enforce the specific performance of a

parol agreement for the conveyance of forty acres of land. Demurrer to the petition sustained. *Atkinson* excepted, and now presents his appeal.

The petition alleges that *James Atkinson*, father of the petitioner, died intestate, in *June*, 1853, seized in fee of certain lands therein described, and leaving the petitioner and the defendants his heirs, &c.; that in 1836, when the petitioner was between fourteen and fifteen years old, his father made a verbal contract with the plaintiff, that, if he should remain with and work for his father till he attained the age of twenty-one years, he, the father, would, in consideration thereof, convey to the son a certain tract of land described, containing 40 acres. It is further averred that the plaintiff served his father thenceforth until he was of age, and one year thereafter; that at the end of the service his father renewed the promise in relation to the forty acres, and had the land transferred to the plaintiff on the tax-list; that the plaintiff, in pursuance of the contract, and under the direction of his father, entered into possession, and has since made improvements thereon to the value of 400 dollars; that the value of the land at the time of the contract was about 100 dollars; that it is now worth 1,000 dollars; that his father died suddenly in *June*, 1853, without executing a conveyance. The plaintiff, therefore, prays a decree for a deed, and for other relief.

The defendants, *Jackson* and others, demurred. The only statutory cause of demurrer is that the petition does not state facts sufficient to entitle the plaintiff to the relief sought. In support of the demurrer, *Adamson* v. *Lamb*, 3 Blackf. 446, is relied upon. Up to the period of full age of *Adamson* and *Atkinson* respectively, the two cases are very similar. But the year's service of *Atkinson* after he came of age, and the renewed promise and acts of the father, are strong distinguishing elements. That year's service constitutes a valuable consideration. The promise of the father after the maturity of the son, and at the end of the service, is thus well supported. In

addition, there are the acts of the father transferring the land on the tax-list, and putting the son in possession. Still further, are the improvements on the faith of the contract. The entry, in pursuance of the agreement, and the improvements, coupled with the acts of the father, ought, it would seem, to take the case out of the Statute of Frauds. Such seems to be the tenor of the authorities. When, as in the case at bar, the party has been put in possession, and made improvements greatly enhancing the value of the land, it would be a fraud upon the vendee to permit the vendor to escape from a strict fulfilment of the contract. This state of facts, admitted by the demurrer, was sufficient to take the case out of the statute. 2 Story's Eq. Jurisp. 64.— *Johnston* v. *Glancy*, 4 Blackf. 94.—*Ash* v. *Daggy*, 6 Ind. R. 259.

Here, the contract is certain, is fair in all its parts, is for a valuable consideration, does not interfere with the rights of creditors, and is capable of being performed. In such cases, courts will generally decree a specific performance. Nor is such a decree wholly discretionary. The discretion, which it is said, the court may exercise in decreeing a specific performance, is a sound discretion, defined and governed by settled principles. *Seymour* v. *Delaney*, 6 Johns. Ch. 222.—*St. John* v. *Benedict*, id. 111. The facts alleged in the petition, admitted on demurrer, or proved at the hearing, are sufficient to entitle the party to the relief sought.

Any doubt that might arise as to a contract between the father and his infant son, is removed by the ratification of it after the son came to maturity. Particularly so, as the son worked for his father till he was 22 years old, and thus furnished, in addition to the putting in possession and improvements, a valuable consideration for the promise.

The case of *Denbo* v. *Tipton*, 2 Ind. R. 20, may seem inconsistent with that at bar. But that case is too meagerly reported to be relied upon as authority. Yet

VOL. VIII.—3.

Nov. Term,
1856.

in the brief statement of the facts, there is sufficient to distinguish that case from this.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

W. *Grose*, for the appellant.

J. T. *Elliott* and J. H. *Mellett*, for the appellee.