## Moore *v.* Kerr et al.

PLEADING.—*Partition of Real Estate.*—*Answer.*—Complaint for the partition. of real estate. Answer, that the plaintiffs and the defendant, being of full age, entered into a parol contract by which each selected a disinterested person to make partition of the land; that the persons so selected made partition, and the parties then had the land which was set off to each surveyed and the lines established; that each then took possession of the respective parts so set off, and had the the same transferred on the tax duplicate, and had so held. possession for eight years; and that the defendant had made lasting and valua-- ble improvements on the part set off to him; and asking that a commissioner be appointed to make deeds, etc., and that the defendant's title be quieted. *Held,* that this was a good answer in bar.

SAME.—It was not necessary that the answer should allege an offer of the defend-- ant to make a deed to the plaintiffs, or show a demand upon the plaintiffs. for a deed.

PARTITION.—*Tenants in Common.*—*Partition by Parol.*—A parol partition: made by tenants in common is valid, where possession is taken and held in. pursuance of such partition.

PRESUMPTION OF LAW.—*Plaintiff Suing by Guardian.*—Where a complaint shows that one of the plaintiffs sues by a guardian, and the answer alleges that eight years prior to the filing of the complaint, the plaintiffs, being of full age: and competent to contract, made a contract, etc., the court will not presume, on demurrer to the answer, that the plaintiff suing by guardian was insane or an. infant at the time of making the contract set up in answer.

From the Henry Circuit Court.

*M. E. Forkner* and *E. H. Bundy,* for appellant.

*J. Brown* and *R. L. Polk,* for appellees.

Downey, J.—This was a petition by Abigail Kerr, by her guardian, John S. Moore, and by William Hobson, plain-tiffs, against Philip Moore, for the partition of certain real estate, of which it is alleged the parties are tenants in com-- mon in the proportions following: said Abigail one-third, said William Hobson two-sevenths of two-thirds, and said. Philip Moore five-sevenths of two-thirds, filed September 13th, 1872. Moore, the appellant, filed an answer and cross. complaint, alleging that the plaintiffs ought not to maintain their action, because heretofore, to wit, in the year 1864, the plaintiffs and defendant, being the owners of said land and being all of full age and competent to contract, entered into·

Moore *v.* Kerr *et al.*

:a contract, whereby they agreed to choose each a disinterested person to make partition of said lands between them; that in pursuance of said contract, the said Kerr chose Jacob Clapper, this defendant chose Cheniah Covalt, and said Hobson chose Joseph Koons, who were all disinterested parties, to make said partition; that thereupon said parties so chosen made partition of said land between said Kerr, Hobson, and this defendant, and assigned and set off to said William Hobson twenty-one acres off the north end, etc., to Abigail Kerr twenty-nine acres of said tract immediately south of, etc., .and to this defendant all the balance of said land, and the parties procured the county surveyor to survey and establish the lines of the land so set off to each; that in pursuance of the said contract and partition so made under it as aforesaid, each of the parties above named entered into and took possession of the lands respectively set off and assigned to them, and procured the same to be transferred to them respectively upon the tax duplicate of the county and duly entered for taxation, and have held possession solely and uninterruptedly of said real estate so assigned to them from that day to the present time. It is further alleged that the defendant has made lasting and valuable improvements on the land so assigned to him, has expended two hundred dollars in ditching said land, has built fences upon the same to the value of one hundred dollars, and otherwise improved the same and placed it in a high state of cultivation. Prayer for confirmation of said partition, that a commissioner be appointed to execute to each of the parties a deed for the land set off to him, and that the title of the defendant be quieted, etc.

The plaintiffs demurred to this paragraph of the answer -on the ground that it did not state facts sufficient, etc., and the demurrer was sustained. Upon an additional answer partition was decreed, and an amount allowed to the defendant, in land, for the improvements which he had made.

The ruling of the court in sustaining the demurrer to the first named paragraph of the answer is the error assigned.

As the contract or agreement, under and in pursuance of which the partition was made, is not alleged to have been in writing, we must presume that it was oral. The question presented then is this: is a parol partition, made by tenants in common, where possession is taken and held in pursuance of such partition, valid? The decisions of courts upon the question are not uniform. In some of the states, such partitions are held invalid, as being against the statute of frauds, while in others they are held not liable to that objection. In this State, so far as we know, the question is an open one. In the case under consideration, according to the answer in question, the division was made by persons chosen by the parties, a survey was made accordingly, the part set off to each was transferred to him for taxation, each party took possession of his allotted share, had held the same severally and exclusively for eight years before this suit was brought, and the defendant had made valuable and lasting improvements on the portion set off and assigned to him. We have examined the authorities to which counsel have referred us, and such others as we could conveniently find, and have come to the conclusion that the partition in question is valid. The distinction between the partition of lands among the owners thereof and a sale of lands is pretty clear. The statute of frauds relates to "contracts for the sale of lands." After partition of land has been made among tenants in common, each owns in severalty an interest equal to that which before he held in common. The partition does not transfer the title of the parties so much as it assigns or apportions to each his share in severalty in the land. But however this may be, we are disposed to follow the authorities which hold such partitions valid. *Wood* v. *Fleet*, 36 N. Y. 499; 1 Washburn Real Prop. 587, par. 13, 3d ed.

Counsel for appellees contend that we should infer from the answer, it not being stated that Abigail Kerr was an insane person, that she was an infant when this action was brought, and consequently must have been an infant when the alleged partition was made. We can not indulge this presumption,

Moore *v.* Kerr *et al.*

for the reason that it is averred in the answer, as we have seen, that at the time of the alleged contract and partition, the parties were "all of full age and competent to contract." We rather infer that the condition of the said Abigail Kerr, which made it proper or necessary that she should have a guardian, occurred after the making of the said partition and before the bringing of the action. We can not infer that she was under guardianship at the time the contract and partition were made.

It is also urged that the answer is bad, for the reason that it does not allege an offer on the part of the defendant to make a deed to the plaintiffs, nor a demand upon them for a deed. If we are right in holding that the partition was valid under the circumstances disclosed, it was not necessary that the defendant should have demanded a deed. He could defend upon the partition without a deed. He asks and may be entitled to a deed as a means of quieting his title. If the court shall decree a deed to him, it may at the same time decree a deed from him to the plaintiffs.

Again, it is contended that the answer is pleaded in bar of the action, and that it is no bar; that it amounts to no more than saying "true partition ought to be made, and I want partition, but I want a different one from that asked in the complaint." It seems to us that if the answer shows a valid partition of the land already made, by which the parties are all bound, it is a bar to the action. When there has been one valid partition of land, that may be pleaded in bar of another partition.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the answer or cross complaint, and for further proceedings.