LOUIS S. LE BOURGEOISE ET AL., Appellants, *v.* AUGUSTUS H. BLANK, Respondent.

### March 9, 1880.

1. An executed parol partition, where the title is undisputed, will avail to sever the possession of tenants in common.

2. Where the question is as to the severance of possession and the ascertainment of boundaries between tenants in common, these facts may be shown by the acts of the parties, which acts may have the effect of passing title though no writing is given.

3. Where tenants in common make partition among themselves, have the land surveyed and divided into equal parts, act on the basis of this division,

recognize each other's rights under it, and convey according to it, this is evidence of an executed agreement of partition which they cannot at a long subsequent period repudiate.

4. The original division-survey; the field-notes, in the handwriting of the deceased surveyor, attached to the survey; testimony of a subsequent survey in accordance with the original, when the corners were pointed out by some of the heirs; the deeds of the heirs, though married women, recognizing the boundaries, are competent as tending to show an executed partition.

5. Ancient surveys may be used in evidence to fix boundaries and landmarks.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

D. T. JEWETT, for the appellants : Since the Statute of Frauds, parol partition is not valid. — 1 Ter. Laws, 394 ; 2 Bla. Comm. 324 ; 1 Pars. on Real Estate, 430, sect. 12 ; 1 Washb. on Real Prop. 416, sect. 7 ; *Moss* v. *Anderson*, 7 Mo. 436 ; *McCabe* v. *Hunter*, 7 Mo. 355 ; *Rector* v. *Waugh*, 17 Mo. 13 ; *Long* v. *Stapp*, 49 Mo. 509 ; *Hazen* v. *Bennett*, 50 Mo. 507 ; *Jones* v. *Reeves*, 6 Rich. L. 137.

KEHR & TITTMANN, for the respondent : Parol partitions, *if the title is admitted or shown to have been in common*, followed by a several possession of separate parcels, are valid, notwithstanding the Statute of Frauds, *and the length of time* that possession has been taken is immaterial. The only privity by which tenants in common are united is that of possession, and this proceeds from the impossibility of each tenant ascertaining which is his own part. When the respective severalties can be ascertained, the tenancy is dissolved. The partition does not transfer the title of the parties so much as it assigns or apportions to each his share in severalty in the land. — *Wood* v. *Fleet*, 36 N. Y. 499 ; *Otis* v. *Cusack*, 43 Barb. 546 ; *Jackson* v. *Vosburgh*, 9 Johns. 276 ; *Jackson* v. *Hardee*, 4 Johns. 202 ; *Corbin* v. *Jackson*, 14 Wend. 619 ; *Moore* v. *Kerr*, 46 Ind. 468 ; *Wilder* v. *Bonney*, 31 Miss. 652 ; *Natchez* v. *Vandervelde*, 31 Miss. 706 ; *Pomeroy* v. *Taylor*, Brayt. 174 ; *Corbett* v. *Northcross*, 35 N. H. 99 ; *Stuart* v. *Baker*, 17 Texas, 417 ;

*Coles* v. *Wooding,* 2 Patt. jr. & H. 189 ; *Slicer* v. *Derrick,* 2 Rich. L. 629 ; *Haughabaugh* v. *Honald,* 3 Brev. 97 ; *Piatt* v. *Hubble,* 5 Ohio, 245 ; *Grimes* v. *Butts,* 65 Ill. 347 ; *Vasey* v. *Trustees, etc.,* 59 Ill. 188 ; *Mining Co.* v. *Bullion Man. Co.,* 3 Sawyer, 634, 659 ; *Calhoun* v. *Hayes,* 8 Watts & S. 127 ; *Williard* v. *Williard,* 56 Pa. St. 119 ; *Ebert* v. *Wood,* 1 Binn. 218 ; *Maul* v. *Rider,* 51 Pa. St. 377 ; *Long* v. *Dollarhide,* 24 Cal. 218. The following analogous cases will illustrate what facts are sufficient to prove a parol partition : *Slade* v. *Green,* 2 Hayw. (N. C.) 75 ; *McCall* v. *Reybold,* 1 Harr. 146 ; *Mount* v. *Morton,* 20 Barb. 130, 131 ; *Walker* v. *Bernard,* Conf. (N. C.) 82 ; *Tomlin* v. *Hilyard,* 43 Ill. 300 ; *Russell* v. *Marks,* 3 Metc. (Ky.) 45 ; *Jackson* v. *Livingston,* 7 Wend. 136 ; *Rider* v. *Maul,* 46 Pa. St. 376 ; *Shepard* v. *Rinks,* 78 Ill. 189 ; *Eaton* v. *Tallmadge,* 24 Wis. 217. The Missouri cases on the subject of parol partitions are : *Harvey* v. *Rusch,* 3 Mo. App. 561 ; *Bompart* v. *Roderman,* 24 Mo. 400 ; *Long* v. *Stapp,* 49 Mo. 506 ; *Hazen* v. *Barnett,* 50 Mo. 506 ; *Barnhart* v. *Campbell,* 50 Mo. 597.

HAYDEN, J., delivered the opinion of the court.

This is an action of ejectment to recover a part of United States survey No. 422, in what is now the city of St. Louis. The plaintiffs produced a patent from the United States, of date August, 1873, to August Dodier or his legal representatives, reciting the confirmation to said Dodier, in 1810, by the board of land commissioners, of five hundred arpens of land, which was duly surveyed, and a plat of which accompanies the patent. August Dodier died in 1817, leaving a widow, Pelagie, and five children — Emily, Joseph, Cecile, Charles, and Pelagie. Emily married Francis Paquette, on July 13, 1818 ; Cecile married Louis B. Vasseur, on July 23, 1818 ; Pelagie, who was born on December 3, 1809, married Bazile Vasseur, and died, leaving surviving her husband and four children, two

of which children died unmarried and without issue before December 25, 1848. The plaintiffs claimed through various conveyances, which it is unnecessary to recite, by which they contended there were vested in them all the titles of all the five heirs of August Dodier, except a one-fifth interest in the land sued for, which interest was conveyed by the daughter Pelagie and her husband, while she was a minor, to the defendant's grantors. The defence was, that before the execution and delivery of the quitclaim deeds under which the plaintiffs claimed title, there was a parol partition among the five heirs of Dodier of the land, which they held as tenants in common; that in pursuance of this agreement, which was entered into before the year 1823, a survey of the tract was made by Joseph C. Brown, surveyor, and separate and specific shares of the tract, equal in size, were set apart in severalty, the five tenants in common recognizing the division thus made. Among the shares so divided was a tract of about fifty arpens, allotted to Pelagie, wife of Bazile Vasseur. It is admitted by the plaintiffs that the land in controversy is in that part of the survey claimed by the defendant to have been set off to Pelagie. As evidence tending to show the parol partition, and that the heirs had acted upon the same and made conveyances upon the basis of such division of the land, which they had previously owned in common, the defendant introduced deeds as follows: —

A warranty deed dated December 10, 1828, by which Louis Vasseur and Cecile Dodier conveyed to John O'Fallon fifty-four arpens, or forty-six acres, described by metes and bounds, being " the part allotted to the said Cecile, the wife of said Louis Vasseur, as her share in the said tract."

Deed from Charles Dodier and wife to Jarvais Nolan, dated April 21, 1829, conveying fifty acres, more or less, described by metes and bounds.

Deed from Bazile Vasseur and Pelagie Dodier to Jesse

Elder, dated Decemer 22, 1828, conveying fifty arpens, French measure, be the same more or less, described by metes and bounds.

Deed from *all the heirs*, describing themselves as " the heirs and legal representatives of Pelagie, widow of Auguste Dodier," to Jesse Elder, dated September 26, 1827, conveying another parcel of " fifty arpens, French measure, be the same more or less, being the *remaining* part of a larger tract conceded to the above named Auguste Dodier by the Spanish government."

The deed from Joseph Dodier to William and Wharton Rector, dated September 19, 1823, conveys, among other property, a specific tract of twenty-three acres.   There is sufficient in the description to show that in 1823 Joseph claimed to be the owner of a specific portion of survey 422.

With a view of showing the location of the tracts as alleged to have been thus divided, and 'to mark the boundaries, the defendant introduced a survey found in the survey book of Joseph C. Brown, an old surveyor, which was proved to be in the writing of Brown, deceased ; and then proved by Cozzens, surveyor, that the latter had, in 1839, borrowed from Brown, who had been a United States surveyor, a plat of the Dodier tract (survey No. 422) made by Brown, which Cozzens had had copied, and which copy, corresponding to the survey in Brown's book, was produced. This copy is entitled " Survey and division among the heirs of Auguste Dodier of the Dodier tract," and shows division into lots of fifty-four arpens each.   Cozzens testified that he surveyed certain parcels of the land according to this plat, and found, in making a survey around the Dodier tract, the lines as run, and saw the corners on the ground as indicated on Brown's plat.   One of the Dodiers (Charles), and also Bazile Vasseur, were with the witness when he made the survey, and they pointed out to him the lines of the divisions and the corners of the tracts as laid out.   This was in 1839.   The defendant also offered a deed, of date

August 4, 1835, from Charles, ancestor of three of the plaintiffs, to Collet's trustee, conveying the tract acquired by him from Louis Vasseur and wife, by metes and bounds, with calls for Paquette on one side and Bazile Vasseur on another. The instructions asked by the plaintiff were, with one exception, refused, and the court, as a jury, found for the defendant.

The question here involved is not, as the plaintiffs put it, the abstract question whether a partition by parol is valid. It may be admitted that the proper expression of the doctrine is, as stated, for instance, in *McCall* v. *Reybold*, 1 Harr. 150, that, "since the Statute of Frauds, a partition, to be valid, must be in writing." It is entirely consistent with this, and not inconsistent with the settled interpretation which in parallel cases has been put upon the Statute of Frauds, to hold that tenants in common may by their own acts sever their possession, and when such severance has been executed, that they may be debarred from denying it. If, for instance, there is here evidence to show that before the year 1823 the heirs made a partition among themselves; that they had the land surveyed, and divided into equal parts; that in dealings in reference to this land they acted on the basis of this division and conveyed according to it, recognizing the rights of each other as established by the partition, here was evidence of an executed agreement which, it well may be held, the heirs could not at a long subsequent period repudiate. In a case of disputed boundaries, the legal title to land may clearly have been in a plaintiff, yet acts of the plaintiff, combined with possession of the defendant, short of the period of limitation, may have the effect of passing title though no writing is given. With better reason may the same effect follow where, after all that can be said, the question is not so much as to the conveyance of land as to the severance of possession and the ascertainment of boundaries. The distinction between a severance of possession among tenants in common whose title is undisputed, and a

sale of land between strangers, runs through a great number of cases, and cannot be disregarded. When carried into effect by possession taken accordingly, and by deeds of the heirs following out and abiding by the division they have made, their acts may operate, to use the language of Chief Justice Kent in *Jackson* v. *Harder*, 4 Johns. 212, " to sever the possession as between tenants in common whose titles are distinct, and when the only object of the division is to ascertain the separate possession of each." Thus, in considering what is evidence of an executed parol partition among heirs, we are not to put the question on the basis of a sale of land to a stranger and the destruction of an interest.

Possession in severalty for a long period of years is undoubtedly evidence strongly tending to prove a parol partition, but it is not easy to see upon what principle this evidence can be pronounced indispensable. The heirs may by other acts, and especially by conveyances, as clearly indicate that they have made and proceeded upon the partition as by taking actual possession of the ground under it. *Mount* v. *Morton*, 20 Barb. 129 ; *Wood* v. *Fleet*, 36 N. Y. 504. The adjudged cases show that the essential question is not merely as to possession held in severalty under the partition, but as to the fact of partition made and acted upon, and as to the conduct of the parties as tending to debar them from denying a state of things which they have created and upon which they have induced others to act to their detriment. *Slade* v. *Green*, 2 Hayw. (N. C.) 75 ; *Jackson* v. *Livingston*, 7 Wend. 136 ; *Walker* v. *Bernard*, Conf. (N. C.) 82 ; *Shepard* v. *Rinks*, 78 Ill. 189 ; *Rider* v. *Maul*, 46 Pa. St. 376.

Some *dicta* uttered casually in the course of delivering opinions of the Supreme Court of this State are relied upon by the plaintiffs, but in no case in this State has it been held that an executed parol partition, when the title is undisputed, is not available to sever the possession of tenants in

common. The *dictum* of Judge Adams in *Long* v. *Stapp*, 49 Mo. 509, and that of the same judge in *Hazen* v. *Burnett*, 50 Mo. 507, are of less weight, and certainly less in accord with the decisions of other States, than the well-considered remarks of Judge Scott in *Bompart* v. *Roderman*, 24 Mo. 400. See cases cited *supra*, and *Moore* v. *Kerr*, 46 Ind. 468; *Corbett* v. *Norcross*, 35 N. H. 99; *Stuart* v. *Baker*, 17 Texas, 417; *Wildey* v. *Bonney*, 31 Miss. 652; *Calhoun* v. *Hays*, 8 Watts & S. 127; *Williard* v. *Williard*, 56 Pa. St. 119; *Haughabaugh* v. *Honald*, 3 Brev. 97; *Piatt* v. *Hubbel*, 5 Ohio, 243; *Grimes* v. *Butts*, 65 Ill. 347; *Long* v. *Dollarhide*, 24 Cal. 218; *Mining Co.* v. *Bullion Co.*, 3 Sawyer, 658.

The survey of the deceased surveyor, which was proved to be in his handwriting, and possession of which was traced from him to the witness Long, was not offered to show a conveyance, but, in connection with the deeds, to prove partition and establish the boundaries. For this it was competent, and the minutes of the deceased surveyor attached to it, and forming part, were admissible as hearsay evidence to identify the lots and their limits. The deceased had knowledge of the matter, as he was the surveyor, and had no interest to misrepresent facts. Under these circumstances the plat and the proved copy were competent. *Smith* v. *Forrest*, 49 N. H. 230; *McCausland* v. *Fleming*, 63 Pa. St. 36. It is fairly inferable from this plat and its title as a survey and division among the heirs, in connection with the deeds, that it was made at least before 1829, and at the request of all the heirs. It seems that Charles Dodier and Bazile Vasseur were familiar with the lines of the old survey, and in 1839 pointed them out to Cozzens. It is claimed that Brown's plat could not have been made before 1837, but the deeds of Charles and Pelagie Dodier and Bazile Vasseur, of date 1828 and 1829, conveying substantially according to the plat, would alone negative this theory. It is said there is

no evidence that the Rectors or their heirs, to whom Joseph Dodier's one-fifth passed in 1823, ever knew or recognized any partition. But the plaintiffs do not explain the fact that the deed to the Rectors conveys a tract of twenty-three acres in this survey, or how it is that this deed was not merely of Joseph Dodier's individual interest. It certainly cannot be said that there was no evidence from which the partition could have been inferred. It is further argued that the deeds of the heirs, except Charles Dodier, are those of married women; but these are introduced, not to show the passage of property, but an executed partition by which married women and minors are bound, their interests, as severed, being fair and equal.

The plaintiffs claim title merely under quitclaim deeds, which seem to have been made miscellaneously and in disregard of the rights of parties who proceed upon the basis of the partition as established by the conduct of the heirs. It may fairly be inferred from the character of their title that the plaintiffs had notice of the facts on which the conclusion of a parol partition rests.

It is unnecessary to examine the instructions, since what has been said covers the points presented by them. There is no material dispute as to facts, but the question turns rather on the legal effect of certain evidence and its competency as a basis for a conclusion, in drawing which is involved the legal doctrine as to parol partition which has deen discussed.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.