No. 10,010.

## SWITZER ET AL. *v.* HAUK ET AL.

WILL.—*Devise.— Widow.—Tenants in Common.—Parol Partition.—Agreement.—Consideration.—Estoppel.—Statute of Frauds.—Adverse Possession.—Deed.*—A testator had devised four tracts of land, one each to A., B. and C., who were required to pay $500 to the testator for the use of the estate, and the fourth to his widow for life, with remainder to the plaintiffs; the widow renounced the will, and claimed under the law, but agreed with A., B. and C. that if they would pay the sum required she would claim no interest in the lands devised to them, but would hold the tract devised to her in fee, and at her death invest the plaintiffs with the title thereto, the plaintiffs assenting to this agreement; A., B. and C. accordingly paid the $500, and each took and held, fenced, and made other lasting improvements on, the land devised to him, and while they were so holding the widow conveyed the undivided one-third of all of the lands to the plaintiffs, who brought suit for partition.

*Held*, that, while there may be a parol partition of lands between tenants in common, the facts stated do not show a partition between the widow and A., B. and C.

*Held*, also, that the widow was not bound by her agreement not to assert an interest, because the agreement was not in writing and was without consideration.

*Held*, also, that the facts do not constitute an estoppel against the widow or the plaintiffs to assert title.

*Held*, also, that there was no such adverse possession by A., B. and C. as to invalidate the deed of the widow to the plaintiffs.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter*, for appellants.

*G. W. Paul, J. E. Humphries, J. M. Thompson, W. H. Thompson, H. M. Billings* and *W. Moffett*, for appellees.

Woods, C. J.—Petition by the appellants for partition. The facts alleged in the petition are, in substance, the following: Philip Hauk died testate, seized of a tract of land consisting of three pieces of 40 acres each, and a fourth piece of 77 acres; by his last will he devised the first named pieces, one to each, to Daniel Hauk, Absalom Hauk and Marion Hauk, appellees, and the fourth piece to his widow, Sarah Hauk, for life, with remainder to the appellants Margaret A. Switzer and Mary C. Comas, and the appellee Amanda L. Gray. The widow elected to take under the law, and, having thus become the owner of the undivided one-third of all the lands so devised, conveyed the same by deed to the appellants and the said Amanda L. Gray. Upon these facts the appellants claimed to be the owners each of the undivided one-ninth of the lands devised to the appellees Daniel, Absalom and Marion Hauk respectively, and asked that partition be made accordingly.

The appellee Amanda Gray made default, but afterwards filed an answer disclaiming any interest. The other appellees named answered by a denial, and by two special pleas, to which the appellants demurred, and have assigned error upon the overruling of the demurrers.

In the first of these pleas, being the second paragraph of the answer, it is alleged, in addition to the facts stated in the petition, that by the terms of the will the devisees of the three 40 acre pieces of land were required to pay to the executor the sum of $500, to be applied in discharge of debts and legacies; that after her election to take under the law, and before the making of the conveyance to the appellants and Amanda Gray, the widow and the defendants, in 1879, mutually agreed to a partition of said lands, and by virtue of this parol agreement of partition their several lines were fixed and the fences set upon the lines agreed upon and the said Sarah and each of these defendants agreed upon the parcel of land which each should take as owner in severalty, and accordingly they each did take exclusive possession of their re-

spective parcels so agreed upon, and caused the same to be transferred to him for taxation, and the tract devised to said Sarah for life was set off exclusively to her, and the residue in three several parcels to these three defendants, who each then took exclusive possession of his parcel, and has made lasting and valuable improvements thereon, and while each was so in the open, notorious and exclusive possession of the parcel so set off and partitioned to him, the said Sarah, without his or their knowledge or consent, and without right so to do, executed to the plaintiffs and Amanda Gray a quitclaim deed for said lands, which is the deed mentioned in the petition, and which, they claim, is void; that they paid. $500 to the executor, which he applied upon debts, legacies and to the payment of the sum allowed by law to the widow.

It may be noted here that it is not stated, in any of the pleadings, who were the heirs at law of Philip Hauk, or that he left heirs. The contrary not being averred, it is to be presumed that the defendants who joined in this plea each took, under the alleged agreement with the widow, the particular piece of land which had been devised to him. These defendants, so far as it appears, had no interest whatever in the piece of 77 acres, of which the widow is alleged to have taken possession for her part. The result of the alleged parol partition is, therefore, no partition at all, but simply an agreement or consent on the part of the widow, after electing to take under the law, to refrain from claiming an interest in the lands devised to said defendants, in consideration that they should pay to the executor the sum which, by the terms of the devise under which they held, they were already bound to pay.

This agreement to renounce her interest in land was not binding upon her, both because not in writing and because without consideration; and nothing is averred which shows an estoppel against her asserting her rights. Neither is there shown such an adverse possession by the defendants as to invalidate the conveyance made by her to the appellants and Amanda Gray. 1 Washb. Real Prop. (3d ed.) 566, 587; 3

Washb. Real Prop. (3d ed.) 215; *Cole* v. *Wright*, 70 Ind. 179; *Clouse* v. *Elliott*, 71 Ind. 302.

The fifth paragraph of the answer differs from the second in that it is alleged that the appellants and the appellee Gray were parties to the alleged parol partition, and that it was a part of the agreement that the widow should own and hold in fee all of the 77 acres, and at her death should invest the appellants and Gray with the title thereto, and that her deed whereby she conveyed her interest in the lands to the appellants and Gray was made in pursuance and for the purpose of accomplishing this agreement.

We do not perceive that this paragraph is any better than the second. In respect to the lands of which partition is sought, both paragraphs show that Mrs. Hauk, being a tenant in common of one piece with Daniel Hauk, of another piece with Absalom Hauk, and of the third piece with Marion Hauk, agreed with them by parol and without consideration, that she would release and renounce her interest to them each in his respective piece, and they accordingly each made improvements. As between tenants in common no such part performance is shown as to take the case out of the statute of frauds, if the agreement were otherwise binding. *Adamson* v. *Lamb*, 3 Blackf. 446; *Atkinson* v. *Jackson*, 8 Ind. 31; *Lafollett* v. *Kyle*, 51 Ind. 446.

We do not question that "A parol division, carried into effect by possessions taken according to it, will be sufficient to sever the possessions as between tenants in common whose titles are distinct, and when the only object of the division is to ascertain the separate possessions of each." *Jackson* v. *Harder*, 4 Johns. 202. *Wood* v. *Fleet*, 36 N. Y. 499; *Moore* v. *Kerr*, 46 Ind. 468. No such case is presented in this record.

The appellees who filed these special pleas also joined in a cross complaint which is obnoxious to the same objections as the pleas.

Judgment reversed and cause remanded, with instructions to sustain the demurrers to the second and fifth paragraphs

of answer, and to the cross complaint of the appellees Hauks, with leave to amend.

## On Petition for a Rehearing.

HAMMOND, J.—In their very earnest and able brief for a rehearing, the learned counsel for the appellees assume that the appellees Daniel, Absalom and Marion Hauk are children of Philip Hauk, deceased. If this is a fact, the pleadings fail to show it. The parties may, on the return of the case to the court below, reconstruct their pleadings, and when the fact of the relationship, assumed as above stated, is properly brought to the attention of the court, a question may be presented which can not be decided in the present condition of the pleadings. The opinion of the court pronounced by the Chief Justice, on the record before us, is without doubt a correct exposition of the law.

The petition for a rehearing is overruled.