## JOHN FLEMING

*v.*

## HEMAN CARTER.

1. EJECTMENT—*legal title must prevail over an equitable one derived from verbal contract.* The plaintiff, in an action of ejectment, sold a farm to A, on a credit of ten equal annual payments, and A, with his consent, sold 32 acres of the same to the defendant in ejectment, it being verbally agreed that, when the defendant paid the price, and A should pay the same to the plaintiff, the latter would convey to the defendant. The defendant completed his payment, which was paid to the plaintiff and credited on A's contract, and the plaintiff afterwards sought to recover the land in ejectment: *Held,* that the claim of A to the tract so purchased by him, in its fullest extent, constituted no defense to the action of ejectment, and that the defendant's recourse for relief was in a court of equity.

2. STATUTE OF FRAUDS—*relieved against, in equity only.* In a court of law, part performance of a verbal contract, which is required to be in writing, does not take the case out of the operation of the Statute of Frauds.

3. SAME—*part performance to take case out of, in equity.* The taking possession of land under a verbal contract, payment of the price and making valuable improvements thereon, will take the case out of the operation of the Statute of Frauds, in a court of equity, and a specific performance may be had.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. BUSHNELL & BULL, for the appellant.

Mr. CHARLES H. BRUSH, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, brought by John Fleming, against Heman Carter, wherein judgment was rendered in favor of the latter, and the former appealed.

The case, as attempted to be established by the evidence on the part of the defendant, was this: Fleming, being the owner of the premises in controversy, which composed a part

of a farm of 300 acres of land, some time in 1863 made
a contract for the sale of the 300 acres to one Wilcox, and
executed to the latter a bond for the conveyance to him of
the whole land, upon the payment of $7500, in ten equal
annual payments, the first commencing January 1, 1866, with
interest to be paid annually, under which bond Wilcox went
into possession in 1863.

The premises in controversy, comprising some 32 acres,
were separated from the rest of the farm by the Chicago,
Burlington and Quincy Railroad, which ran through it from
east to west.

Some time in 1866, Wilcox, by the consent of Fleming,
sold the 32 acres to Samuel Carter, for his son, Heman Car-
ter, for $475, to be paid in two short payments, and Fleming
expressly promised Samuel Carter that he would convey the
premises to him, or any one he might name, on payment of
the money. By arrangement between Fleming and Wilcox,
at the time the former consented to the sale by Wilcox, the
latter was to give the money derived from the sale to Flem-
ing. Carter made his payments for the land in full to Wil-
cox, as agreed, and the latter paid them over to Fleming,
informing him they came from Carter, and they were indorsed
on Wilcox's contract with Fleming.

In the fall of 1866, Heman Carter, the appellee, and de-
fendant below, for whom the land was purchased from Wil-
cox, went into the possession of it, and has remained in
possession ever since, and has made valuable improvements
thereon and paid all taxes. The above contract between
Wilcox and Carter, and Fleming's assent to it, and promise
to make the deed under it, were only verbal. Some two
months after Carter had made the last payment for the land,
on the 14th day of January, 1867, Wilcox and his brother,
Samuel B., executed to Heman Carter their bond to give to the
latter a good and sufficient deed in fee simple of the premises,
within ten years, acknowledging full payment of the consid-
eration money, $475.

Admitting the claim of appellee to its full extent, it constitutes no defense to an action of ejectment. Appellant exhibits a complete legal title to the premises. As against him, whatever interest appellee has in the land, is under and by virtue of a verbal contract. By the Statute of Frauds, such a contract for the sale of any interest in land, for a longer term than one year, is void.

In a court of law, part performance does not take a case out of the operation of the statute. It is otherwise in a court of equity, where the part performance has been to the extent here claimed. Appellee's recourse for relief must be in that court, where he may have his bill for an injunction to restrain the prosecution of this ejectment suit, and for a specific performance of the contract.

The case of *Stow* v. *Russell*, 36 Ill. 18, referred to by appellee's counsel, where a similar state of facts to that here set up was held to amount to a legal defense in an action of ejectment, differs from the one at bar, in the important particular that there, the contract was in writing.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*