## Charles A. Schlueter v. Philip J. Leady.

1. STATUTE OF FRAUDS—*Verbal Contract for Sale of Land.*—Where a verbal contract for the sale of land has been executed on one side, by the purchaser receiving a deed for the premises, the statute of frauds has no application, and the vendor may recover for the unpaid purchase money.

Assumpsit, upon the common counts. Appeal from the Circuit Court of Madison County; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

JOHN J. BRENHOLT, attorney for appellant.

DUNNEGAN & LEVERETT, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Suit in assumpsit upon the common counts. Verdict and judgment for plaintiff for $992.66, from which defendant appealed.

The only issue of fact involved, as stated by appellant in his brief, is, " was there a sale of the real estate and personal property, and if so, what was the consideration for the same." Two juries, upon this issue, have found for appellee. It is not denied that there was a sale of a house and lot by appellee to appellant, and deeds executed for the same and accepted by appellant. The house was used for a boarding house, and the contention arises upon the question as to whether or not the furniture that was used for boarding house purposes in the house, was included in the sale, and if so, what price was agreed upon by the parties.

Appellee was indebted to a Mrs. Kirsch in an amount, as he testifies, from $5,300 to $5,400. To secure this, he had made a deed to her, taking back a bond for the reconveyance of the property if the debt was paid within three years, and paying her $25 a month interest on the amount he owed her.

Appellee testifies that he sold the house and lot, with the furniture used in the boarding house, to appellant for $6,500. He and Mrs. Kirsch executed deeds for the lot to appellant, the consideration named in the deed being $5,507.34.

Anna Nulte and Catherine Duntschen, daughters of appellee, testify that they were present when the contract was made, and their evidence corroborates the testimony of appellee. Appellant denies positively that he bought the furniture.

Baker, a witness for appellant, testifies to preparing the deeds, acting for Mrs. Kirsch, and to the consideration of $5,507.34 in the deed, which covered the sum owed Mrs. Kirsch and the expenses connected with the transaction.

George Gaiser, for appellant, testifies that about two weeks after the sale, he had a conversation with appellee,

in which appellee said that he understood that " I was going to buy the place from Mr. Schlueter, and asked me if I wanted to buy the furniture."

Under this conflict of evidence, the conclusion of the jury upon the issue of fact, must prevail.

The general issue and the statute of frauds were pleaded by appellant. · As the contract for the sale of the house and lot was completed by the delivery and acceptance of deeds, the statute of frauds is not a defense. In support of the plea of the statute of frauds, appellant cites Prante v. Schutte, 18 Ill. App. 64; Meyers v. Schemp, 67 Ill. 471; Fleming v. Carter, 70 Ill. 286.

These cases state the law correctly, as applied to the facts involved in them, but they are not in point when the facts in the case at bar are considered.

If there had been no transfer of the realty in the case at bar, the fact that there was a sale of personal property in connection with the sale of realty, would not have avoided the defense of the statute of frauds. It would still have been a valid defense in a suit to enforce a sale of the realty. This is the effect of the cases cited by appellant.

Judgment affirmed.