Buzzell vs. Gallagher and wife.

BUZZELL VS. GALLAGHER and wife.

*Parol partition of land, executed.*

1. A parol partition of land, carried into effect by each party taking possession of his share in accordance therewith, is binding upon the parties. *Eaton v. Tallmadge* (24 Wis., 217), approved and followed.

2. Under such a partition, each party is seized of the legal title to his undivided share of the land allotted to him, with an equitable title to the remaining interest therein, and a right to the possession of the whole of such allotment; and it seems that equity would, under proper circumstances, compel his co-tenants to execute conveyances vesting in him the full legal title to the whole thereof.

3. Plaintiff conveyed eighty acres of land to his two sons, P. and T., who had some negotiation for a partition by which P. would take the north and T. the south half of the land, but continued in fact to occupy the whole in common. T. died, and plaintiff took his interest in the land as his sole heir-at-law; and he and P. occupied the same in common for some years. In 1868 plaintiff conveyed by warranty deed to a third person, fifteen acres (described by metes and bounds) of the south half, P. not joining in the deed. In June, 1869, P. conveyed the whole of the north half to defendants, for a valuable consideration, with the knowledge of the plaintiff, and without objection on his part. In August, 1869, P. conveyed to plaintiff, for a nominal consideration, his interest in the south half; and soon after plaintiff removed from a house in the north half (which he had occupied until that time), into one on the south half, and since that time has not had possession of the north half or any part thereof. In ejectment by him to recover an undivided half of the north forty, *Held,*

(1). That if these facts had been set up in the answer by way of counter-claim, defendants would be entitled to a judgment requiring plaintiff to convey to them his legal interest in the north forty.

(2). That not being so pleaded, they are a good defense to the action, under a general denial.

APPEAL from the Circuit Court for *Sheboygan* County.

Ejectment. The defendants appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

*Bentley & Seaman*, to the point that there was a complete partition between the plaintiff and Philander Buzzell, of the eighty acres previously owned in common, cited *Eaton v. Tallmadge*, 24 Wis., 217; 1 Lomax's Dig., 501; 1 Wash. C. C., 438; 12 Mass., 474; and to the point that plaintiff was estopped, by his warranty deed of fifteen acres in severalty, from denying partition, they cited 4 Kent's Comm., 368; *Primm v. Walker*, 38 Mo., 94.

*Taylor & McLaren*, for respondent, argued that a parol partition can be perfected only by the parties taking actual possession under the agreement (*Wood v. Fleet*, 36 N. Y., 499); that the deeding of fifteen acres in the south half of the eighty by plaintiff to Philander Buzzell did not show a partition, unless plaintiff and Philander so understood it; that the evidence was that Philander afterwards, and a few days before conveying the north half to defendants, made an agreement in writing with them to convey the undivided half of the eighty acres, showing that he did not understand that there had been a partition; that the receiving of a quit-claim deed from the son, of the south half of the tract, after the son had conveyed the north half to defendants, did not estop plaintiff from claiming an undivided half of the north half, unless it is shown that such quit-claim deed was given in consideration of plaintiff's relinquishing such claim; that there was no such proof in this case, and the very fact that no corresponding quit-claim deed was given to the son, or to the defendants, shows that no such contract was intended by the parties; and finally, that the question of par-

tition or no partition was one *of fact for the jury*, upon the evidence.

LYON, J.    In March, 1863, the plaintiff, who was then the owner of the eighty acres of land described in the complaint, conveyed the same to his two sons, Philander and Thomas.    The sons had some negotiation or conversation relative to a partition of the land, and there seems to have been an understanding between them that if they made a partition of it, Philander should take the north half, and Thomas the south half of the eighty.    Thomas died in October, 1864, intestate and unmarried, and the plaintiff is his heir-at-law.    The sons occupied the premises in common while Thomas lived, and Philander and the plaintiff occupied them in the same manner after the death of Thomas, for four or five years.

In April, 1868, the plaintiff conveyed, by deed of warranty, to one William B. Hall, fifteen acres of land described by metes and bounds, being part of the south half of said eighty acre lot.    Philander did not join in such deed.    In June, 1869, Philander conveyed the whole of the north half of the eighty to the defendant *Mrs. Gallagher*, for the consideration, as expressed in the conveyance, of five hundred dollars.    The plaintiff had knowledge before such conveyance was executed, that Philander was about to convey the whole of the north half of the eighty, in severalty, to *Mrs. Gallagher*, and made no objection thereto.

Up to that time the plaintiff had constantly resided in a house on the land so conveyed to *Mrs. Gallagher*, but during the fall of 1869 he removed therefrom to a house on the south half of the lot, and since that time has had no possession of the north half of the eighty, or of any portion thereof.

In August, 1869, Philander conveyed to plaintiff all of his interest in the south half of the eighty, for a nominal consideration.

Each of the foregoing conveyances was executed by the wife of the grantor, and all of them are duly recorded.

This action is to recover possession of an undivided half of

the premises conveyed by Philander to *Mrs. Gallagher*. On the trial, the court refused to direct the jury to return a verdict for the defendants, and the jury found for the plaintiff. Judgment was afterwards entered upon the verdict, that the plaintiff recover of the defendants the premises described in the complaint; from which judgment the defendants have taken an appeal. The defendants were in the exclusive possession of such premises at the time the action was commenced.

The question to be determined is, whether the foregoing facts constitute a valid and binding partition of the eighty acre lot, sufficient to entitle *Mrs. Gallagher* to hold the possesssion of the north half thereof. It has been held in New York, in numerous cases, that a parol partition of land carried into effect by possession taken by each party of his respective share according to the partition, is valid and binding upon the parties, and sufficient to protect the several possession by each, of his share thereof. See *Wood v. Fleet.* 36 N. Y., 499, and cases cited.

The same principle was laid down by this court in *Eaton v. Tallmadge*, 24 Wis., 217. And although cases can be found which deny the binding force of a parol partition under any circumstances, yet the law is settled the other way in this state, and is thus settled, it is believed, upon the better and sounder principle, as well as upon the weight of authority. None of these cases decide that a parol partition followed by possession in severalty of the former tenants in common in accordance therewith, changes the condition of the legal title to the premises. That remains the same as before. But such partition leaves each co-tenant seized of the legal title of one-half of his allotment and the equitable title to the other half, with the right to the possession of the whole of his allotment in severalty. And such co-tenant could doubtless successfully invoke the aid of a court of equity to compel the other co-tenant to convey to him the legal title of that half of his allotment to which he acquired the equitable title by virtue of the partition. *Tomlin v. Hilyard*, 43 Ill., 300.

In this case there is no *direct* evidence that the plaintiff and his son Philander expressly agreed upon a division and partition of the eighty acre lot, but there is an abundance of undisputed evidence which proves that they did in fact make a partition of the lot, and that they and their respective grantees occupied the portions allotted to each of them respectively, in severalty.

The facts above stated, and more especially the conveyance by the plaintiff to Hall of a part of the south half of the eighty; the conveyance by Philander to *Mrs. Gallagher* of the north half thereof, with the knowledge and implied consent of the plaintiff; the surrendering of the possession thereof by the plaintiff to *Mrs. Gallagher;* the acceptance by the plaintiff of a release of Philander's interest in the south half of the eighty; and the plaintiff's possession of that half thereof — demonstrate beyond all question that a valid partition of the land has been made, and that *Mrs. Gallagher* is entitled to the exclusive possession of the premises sought to be recovered in this action. Had she interposed an equitable counterclaim to that effect, it would have been the duty of the circuit court to adjudge the legal title in her, or to compel the plaintiff to release the same to her. But under the present answer, which is simply the general denial, the foregoing facts are only available as a defense. They are, however, a perfect defense to the action, and the court should have so instructed the jury.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.