### DAVID H. HAZEN *et al.*, Appellants, *v.* DELILAH BARNETT, Respondent.

1 *Partition — Parol agreement — Equitable title — Adverse possession.* — Although a parol partition is good between the parties when accompanied by possession, yet the equitable title only passes, which by adverse possession may ripen into a legal estate; and a party to such agreement has a right to have the parol agreement confirmed by a decree vesting in him whatever title the other party had in the premises.

*Appeal from Carroll Circuit Court.*

*Hall & Oliver*, for appellants.

A parol partition of lands, when accompanied by possession, is valid. (20 Barb. 127 ; 4 Johns. 212 ; 9 Johns. 276 ; 4 Kent Com. 369, note *a;* 24 Mo. 400 ; Com. Dig., ch. 5.)

The petition shows that, in pursuance of their agreement, Atwood conveyed one-half the land to Barnett, and that Barnett

failed to convey to Atwood. This constituted a valid cause of action on the part of those claiming under Atwood, for a specific performance of the contract. (20 Mo. 84; 4 Wall. 519.)

*Ray & Shields*, for respondent, cited Wildbahn v. Robidoux, 1 Mo. 659; Fry Spec. Perform. 166, 253, 365; Sto. Eq. Pl. 621–23.)

*Chandler & Sherman*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

The petition in this case states that James C. Barnett and Franklin B. Atwood were tenants in common of the lands described in the petition, and by parol agreement they made a partition of the land, each party taking possession of the part allotted to him under such agreement; that Atwood confirmed this agreement by making a deed to Barnett; that Atwood sold the part allotted to him to Bitzinger, which was afterwards bought by the plaintiffs' ancestor, George W. Hazen, under execution sale against Bitzinger, and Hazen died, leaving the plaintiffs his only heirs at law. Barnett also died, leaving the defendant his sole devisee, and the petition asked that the partition might be confirmed by decreeing the legal title to plaintiffs.

The answer was a general denial of the allegations of the petition. On the trial the plaintiff offered to prove the facts stated in his petition, and the court refused to permit any evidence to be given, deciding that the petition did not state facts sufficient to constitute a cause of action.

Although it is laid down that a parol partition is good as between the parties when accompanied by possession, yet it seems to me that the equitable title only passes, which by adverse possession may ripen into a legal estate. In my opinion the plaintiffs had a right to have this parol partition confirmed by a decree vesting in them whatever title the defendant had in the premises. The court erred in excluding the evidence.

Judgment reversed and cause remanded. The other judges concur.