SUTTON et al., *Appellants,* v. PORTER.

Division One, December 23, 1893.

1. **Parol Partition**: POSSESSION. Parol partition of land followed by possession, where all the parties derive title from a common source, is valid.

2. ——: EQUITABLE TITLE: VESTING LEGAL TITLE. Such parol partition will pass the equitable title and the courts will vest the legal title in the persons entitled thereto.

3. ——: MARRIED WOMAN: EXCHANGE OF DEEDS. And such parol partition, if fair and equal and followed by possession, will be sustained, although some of the partitioners are married women and their husbands did not join in the exchange of the deeds made on agreeing on the partition.

4. **Parol Partition**: SHARE IN MONEY AND NOTES. It is no objection to a parol partition that one parcener did not take her share in kind, if she sold it for cash and notes to another.

5. ——. A parol partition is not invalid because not joined in at the time by one parcener who subsequently takes possession of the parcel allotted to her and sells it.

*Appeal from Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*Howard & McKee* for appellants.

(1) On the answer of respondents, appellants should have recovered. *Pearl v. Hervey*, 70 Mo. 160; *Sutton v. Casseleggi*, 77 Mo. 397; *Turner v. Shaw*, 96 Mo. 22; *Bartlett v. O'Donoghue*, 72 Mo. 563; *Wannell v. Kem*, 51 Mo. 150; *Hord v. Taubman*, 79 Mo. 101; *Bompart v. Roderman*, 24 Mo. 385. (2) The court admitted incompetent and improper evidence on the part of respondents, over appellant's objections. *Bourgeoise v. Blank*, 8 Mo. App. 434; *Bompart v. Roderman*, 24 Mo. 385; *Hall v. Callahan*, 66 Mo. 316; *Pearl v. Hervey*, 70 Mo. 160; *Sutton v. Casseleggi*, 77 Mo. 397; *Turner v. Shaw*, 96 Mo. 22; *Bartlett v. O'Donoghue*, 72 Mo. 563; *Wannell v. Kem*, 51 Mo. 150; *Hord v. Taubman*, 79 Mo. 101; 5 Wait's Actions and Defenses, pp. 84–85; 36 N. Y. 499; 12 S. W. Rep. 71; 53 Am. Dec. 481; 4 Am. Dec. 52; 6 Am. Dec. 276; 42 Am. Dec. 275.

*W. L. Berkheimer* for respondents.

(1) A parol partition, where it is fair and the parties have taken possession under it, will be sustained. *Bompart v. Roderman*, 24 Mo. 385; *Aazen v. Barnett*, 50 Mo. 506; *Nave v. Smith*, 95 Mo. 596; 1 Wait's Actions and Defenses, p. 84; *Woods v. Fleet*, 36. N. Y. 499; *Aycock v. Kimbrough*, 12 S. W. Rep. 71; *Bourgeoise v. Blank*, 8 Mo. 434; *Millon v. Reed*, 8 Atl. Rep. 229; *Jackson v. Hardin*, 4 Johnson, 212; Same, 439 and 440; *Wardlow v. Miller*, 6 S. W. Rep. (Tex.) 745; *Brace v. Osgood*, 14 N. E. Rep. (Ind.) 563. (2) A parol

partition of lands is not a sale of lands within the meaning of the statute of frauds. *Meacham v. Meacham,* 19 S. W. Rep. (Tenn.) 757; *McKnight v. Bell,* 19 Atl. Rep. (Penn.) 1036; *Murril v. Mandlebaum,* 19 S. W. Rep. (Tex.) 880. (3) The deeds from each of the parties hereto to the others conveyed no title, but simply defined the boundaries of the lands owned by each. *Davis v. Agnew,* 2 S. W. Rep. (Tex.) 376; *Aycock v. Kimbrough,* 12 S. W. Rep. (71 Tex. 330) 71.

BLACK, P. J.—Alexander Porter died intestate in 1869, the owner of three hundred and sixty acres of land, leaving a widow and eight children. The two married daughters, Esther J. Sutton and Deborah Dewey, and their husbands, brought this suit for partition, making the widow and other children defendants. The record discloses the following facts.

Arthur Porter, one of the children, conveyed his interest to his brother James E. Subsequent to this conveyance and on the twenty-eighth of March, 1888, the widow and children met at her house and agreed to make partition. The widow, Mary Porter, agreed to take a child's part, though entitled to a third of the land for life, thus making nine parts of forty acres each in quantity. The parties appraised each forty, and then made their selections. In making the selections Mrs. Dewey agreed to let her brother William A. have her share, for which she then received $80 in cash and three notes of William A. for $600. James E. Porter also selected two shares because of his purchase of the interest of Arthur. It appears May O. Porter was present but took no part in selecting her share, because it was supposed she was a minor. A forty acre tract was, however, set apart for her.

After the selections had been made, the parties, except May O., executed quitclaim deeds conveying to

each the parcel or parcels so selected, that is to say, to Esther J. Sutton, May Porter, John A. Porter and Lucy Porter forty acres each, and to William A. Porter and James E. Porter eighty acres each, leaving unconveyed the forty acres reserved for May O. Mrs. Dewey accepted for her share the $80, and three notes of William for $600. The deeds were all executed on the twenty-eighth of March, 1888, and the grantees then took possession of their respective parcels.

The husbands of Mrs. Sutton and Mrs. Dewey were not present, took no part in making the partition and did not join in any of the deeds. At that time May O. Porter, for whom the forty acres was reserved, was in fact over the age of eighteen years. On the fifteenth of October, 1889, she sold the forty to her brother James, and gave him a bond for deed. The bond sets out by way of recital the partition before made and states that this forty was allotted to her.

The plaintiffs bring into court the deed to Esther J. Sutton, the $80 paid to Mrs. Dewey and the notes for $600 executed to her by William. They offer to surrender the money and consent that the deed may be canceled and pray for partition. The defendants in their answers set up the facts before mentioned and ask that the partition made by the parties themselves be in all things confirmed. The circuit court entered a decree as prayed for by the defendants, from which the plaintiffs appealed.

The plaintiffs' case is based upon the proposition that the partition deeds are absolutely void as to Mrs. Sutton and Mrs. Dewey, because their husbands did not join in executing them. That these deeds did not convey the legal title of the married women for the reason that the husbands did not join in them, may be conceded but it does not follow that the partition is void.

As all parties derive title from a common source, there can be no doubt but the principle that a parol partition followed by possession is valid, applies to this case. *Bompart v. Roderman*, 24 Mo. 385. And it is settled law in this state that a parol partition followed by possession passes the equitable title, and the courts will confirm such a partition by vesting the legal title in the respective parties. *Hazen v. Barnett*, 50 Mo. 506; *Nave v. Smith*, 95 Mo. 596. And such a partition followed by possession, if fair and equal, will be valid and binding though some of the partitioners are under coverture. *McMahan v. McMahan*, 13 Pa. St. 376; *McConnell v. Carey*, 48 Pa. St. 345; Coke upon Littleton, 171*b*. Says Freeman: "But while a deed intended to transfer the moiety of a *feme covert* ought to be executed in the same manner and with the same formality as a conveyance of her separate estate, it must not be forgotten that, in many of the states, parol partitions are recognized and protected, and that a deed of partition, though insufficient of itself to consummate a partition, may, taken with other evidence, establish such a parol partition as the courts will not permit to be disturbed, unless it was clearly unequal when made." Freeman on Cotenancy and Partition [2 Ed.], sec. 412.

While the deeds do not convey the legal title of the married women because their husbands did not join in executing them, still the parol partition is not made invalid because the deeds were executed. The deeds serve to show to whom the respective parcels were allotted. It stands conceded that the partition made by the parties was just and equal. Applying the principles of law before stated, it follows that the parol partition should be in all things confirmed.

It is true Mrs. Dewey did not take her share in kind, but that can make no difference in the result, for she took it in cash and the notes of her brother Wil-

liam.   Nor is it material that May O. was not a party to the parol partition when first made; for she not only accepted the partition by taking possession of the forty acres allotted to her, but at a subsequent date she ratified what had been done by her brothers and sisters in the most solemn form.

It is stated on the one side and conceded on the other that there are some mistakes in the decree in describing some of the parcels of land.   In view of this fact we will reverse the decree and remand the cause with instructions to the trial court to correct these mistakes and enter a decree confirming the partition as made by the parties themselves.   The costs of this appeal should be divided between all of the parties plaintiff and defendant in proportion of their respective interests in the land, and it is so ordered.   Decree reversed and cause remanded with instructions as above stated.   BARCLAY, J., absent.   The other judges concur.