## Susannah Lacy v. Ephraim Gard et al.

1. PAROL PARTITION—*When Not Within the Statute of Frauds.* —Where a father, acting in conjunction with his children, made a parol partition of land including an agreement for the payment of a fixed sum to equalize the shares, followed by possession in severalty, having been so partly performed, it was in equity taken out of the statute of frauds, and becomes enforcible in all its parts in a court of chancery.

2. SAME—*Acceptance of Portions with Conditions.*—A father, having made a parol partition of his lands among his children, directed that one of them, to whom he allotted a portion of greater value, should pay a certain sum of money to the others for the purpose of equalizing their portions. Such child, having taken possession of the more valuable portion, was held to be liable for the payment of the said sum to the others, and the court properly decreed a lien upon his portion for the payment of the same.

3. EVIDENCE—*Instruments in Part Performance of Oral Contracts.*— The execution of instruments in part performance of an oral contract does not prevent the introduction of oral evidence of the terms of the contract.

4. OWELTY—*In Parol Partitions.*—Where, in a parol partition of lands by the owner, a sum is fixed to be paid by one of the parties taking the lands to the other for the purpose of equalizing the allotments, such sum is in legal effect owelty, as much so as if the partition and the undertaking to pay it had been entered into between the parties after the death of the partitioner.

5. SAME—*Creates a Lien.*—Owelty creates a lien, but it can not be established in a court of law; resort must be had to a court of chancery.

**Bill in Chancery,** to establish a lien. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

## Statement of the Case.

Jacob Gard, Sr., in 1889, desired to arrange a partition of his land between his children and grandchildren, to take effect after his death. He then owned two tracts, one containing seventy-three, the other eighty acres. His intended beneficiaries, six in number of shares, were the appellant, the three appellees and Mrs. Ross, his children, and certain children of Morris Gard, deceased, his grandchildren.

He selected three neighbors, requested them to view the premises and suggest to him a fair and equal division.

Two only of those selected served. Their report divided the seventy-three acre tract into two parts unequal in area but equal in value, and these parts were by the ancestor of the parties assigned respectively to Mrs. Ross and the children of Morris Gard, deceased, and disposed of to the satisfaction of all concerned. As to the eighty-acre tract, the report was that it be divided into four twenty-acre parcels, but that the parcel lying furthest east was more valuable than the others because the dwelling house, barn, etc., were upon it, and that the difference in value should be equalized by requiring the party to whom it should be allotted to pay the sum of $300 to the persons to whom the other twenty-acre parcels should be given. The partition thus proposed to be made met the approval of the said Jacob Gard, senior. The appellant desired the tract upon which the dwelling house was situate be assigned to her, and of this her father was well advised. He notified her at once of the proposed plan of partitioning the land, and informed her that if she received the "home twenty" she would be required to pay $300 to the others who received the other twenty-acre portions of the same eighty-acre tract.

That she was fully informed upon these points is not questioned. She admitted in her testimony that her father told her within a day or two after the partition had been determined upon, it had been arranged that she should pay $300 to the appellees if she preferred to take the east twenty acres. She testified she told her father she would not pay it; she would rather not have it than to pay that amount or

any other sum, and he replied, "Well, you and the others for it." Testimony elicited from other witnesses fully warranted the conclusion that the appellant insisted upon having the more valuable parcel and accepted it with the understanding that $300 was to be paid to the others.

The father executed deeds to the appellant and the appellees for their respective parts of the land, giving to the appellant the twenty-acre homestead tract. These deeds reserved a life estate in the grantor. The grantees, including the appellant, under agreement with the grantor, entered at once into possession of the parts allotted and deeded to them respectively, and accounted to him for rents.

The father retained the deeds in his possession until May, 1891, at which date he departed this life. The appellant applied to his executor for and received the deed for her tract.

It was an absolute conveyance, except the reservation of a life estate in the grantor. No reservation in favor of the appellee for the money to be paid them was mentioned.

This was a bill in chancery by the appellee for a decree requiring the appellant to pay the said sum of $300, and to declare a lien therefor upon the land held by her under the conveyance from the father.

Upon a hearing the prayer of the bill was granted, and this is an appeal therefrom.

CONNOLLY & MATHER, attorneys for appellant, contended that as a deed absolute in form was made to the daughter and recorded by her father in his lifetime, reciting a meritorious consideration, it was a sufficient delivery without conditions, and was intended as a voluntary settlement to take effect after the grantor's death, when his life estate ceased.

A deed delivered under the circumstances of this case amounts to a voluntary settlement on a daughter. Walker v. Walker et al., 42 Ill. 311; Gordon v. Adams, 127 Ill. 223; Cline v. Jones, 111 Ill. 563; Hayes v. Boylan, 141 Ill. 400.

PATTON, HAMILTON & PATTON, attorneys for appellees, con-tended that a parol partition carried out and followed by actual possession in severalty of the several parcels is valid and will be enforced, notwithstanding the statute of frauds, on the theory that it has been removed from its operation by part performance.  17 A. & E. Ency. 668; Gage v. Bis-sell, 119 Ill. 299;  McDowell v. McDowell, 114 Ill. 259; Nich-ols v. Padfield, 79 Ill. 253; Shepard v. Rinks, 78 Ill. 188; Mellon v. Reed, 114 Pa. St. 647; Ebert v. Wood, 1 Binney (Pa.), 216; Meacham v. Meacham, 19 S. W. Rep. 757; Mitchel v. Allen, 6 S. W. Rep. 745; Bruce v. Osgood, 14 N. E. Rep. 563; Mardlow v. Miller, 6 S. W. Rep. 292.

Where the written instrument is executed only in part performance of a verbal contract parol evidence is admissi-ble.  Birks v. Gillett, 13 Brad. 369, citing Beard v. Con-verse, 84 Ill. 512; Ludeke v. Sutherland, 87 Ill. 481; Ruff v. Jarrett, 94 Ill. 475; Gammon v. Huse, 100 Ill. 234; Combs v. Bradshaw, 6 Brad. 115.

When an equal partition can not be otherwise made, courts of equity may order that a certain sum be paid by the party to whom the most valuable property has been assigned. The sum thus directed to be paid to make the partition equal is called owelty.  It is a lien on the property on ac-count of which it was granted.  The lien for owelty has precedence over prior mortgages and other liens existing against the co-tenant against whom the owelty was awarded. It may be enforced by proper proceedings in equity against the land.  Freeman on C. and P., in ¶ 507, page 676, 13 A. and E. Ency. 603; Appeal of McCandless, 98 Pa. St. 489; Jackson v. Pierce, 10 Johns. (N. Y.) 414; B. & O. R. Co. v. Trimble, 54 Md. 99; Allegheny Bank's Appeal, 99 Pa. St. 148.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

It was abundantly proven that Jacob Gard, Sr., desired to make and made partition of his real estate among his de-scendants during his life to take effect in possession at his death.

The parties hereto, his children, joined with him in the proposed partition of the lands and each accepted the parcel allotted to him or her by the father.

The proof is ample to sustain the view of the trial court, that the ancestor determined that the tract or parcel taken by appellant was of greater value than either other parcel and required the party to whom it should be allotted to pay the sum of $300 to the others to equalize the shares in value. It was equally well proven that the appellant desired this more valuable tract, was fully informed of the condition upon which she could have it, and that she accepted it with such knowledge.

The evidence was verbal, but it should not for that reason have been excluded.

The proposition of the ancestor to divide the lands during his lifetime, and to allot it in four parcels of equal area but of unequal value, and to impose upon the party receiving the more valuable tract the duty of paying a sum to equalize the value of the shares, and the acceptance of the proposition by the parties, constituted a contract.

It was not reduced to writing.

The deeds did not and were not intended to embody it. They were executed in part performance of it.

It was competent to receive parol evidence as to the terms and conditions of the contract. Benks v. Gillett, 13 Brad. 369; 1 Greenleaf, Evid., Sec. 284.

This evidence disclosed a parol partition of land by the father, acting in conjunction with his children, including an agreement for the payment of a fixed sum to equalize the shares, followed by possession in severalty. Having been so partly performed, it was, in equity, taken out of the operation of the statute of frauds, and became enforcible in all of its parts in a court of chancery. 17 Amer. & Eng. Ency. of Law, p. 668–669; Fleming v. Carter, 70 Ill. 286; Stevens v. Wheeler, 25 Ill. 300; McNamara v. Garrity, 106 Ill. 384.

The sum to be paid to equalize the allotments was equitably and in legal effect owelty as fully under the circum-

stances as if partition and the undertaking to pay it had been entered into between the parties hereto after the death of the ancestor.

Owelty creates a lien. 13 Amer. & Eng. Ency. of Law, 603.

Courts of law could not establish the lien. The remedy in that forum being inadequate, resort to chancery became allowable.

The decree is affirmed.