ALLEN et al. v. SEAWELL et al. BROCK et al. v. SAME. HIDY et al. v. SAME. TRUMPER et al. v. SAME. GATES et al. v. SAME. YATES et al. v. SAME. SMITH et al. v. SAME. LOVELESS et al. v. SAME.

(Circuit Court of Appeals, Sixth Circuit. October 8, 1895.)

Nos. 214–221.

1. PAROL PARTITION—ESTOPPEL—OHIO LAW.
    In Ohio, a parol partition of land, consummated by possession and acquiescence under it for any less period than that which creates the bar by the statute of limitations, does not vest the legal title in severalty to the allotted shares; but such partition, acquiesced in for any considerable length of time, will estop any person joining in it, and accepting exclusive possession under it, from asserting title or right to possession, in violation of its terms; and if such a partition is made by the husband of a married woman, and consented to by her, and is fairly and equally made with respect to her rights, it is a good defense against her and her heirs in an action by them to recover her undivided interest in the shares allotted to her cotenants. Berry v. Seawall, 13 C. C. A. 101, 65 Fed. 742, followed.

2. SAME—EVIDENCE—PRESUMPTION.
    In the absence of evidence to the contrary, the fact that the cotenants of a tract of land have occupied the several portions, in severalty, for more than 50 years, with the knowledge and consent of each other, and have exercised acts of exclusive ownership and control over the respective shares, without objection or claim on the part of other cotenants, raises a strong presumption of fact that there was an actual division by agreement, express or tacit, of the land between the cotenants, according to the lines of exclusive occupancy; and one of such cotenants, who is sued by another for an undivided share of the portion occupied by him, is entitled to have the jury so instructed.

3. PLEADING—EJECTMENT—ESTOPPEL.
    It seems that the defense of estoppel in pais is open to a defendant in an action of ejectment, under the general issue or a general denial.

In Error to the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

These were eight actions of ejectment brought against J. H. Seawell and others by Melissa Allen and others, Susanna Brock and others, Urban Hidy and others, Maria Trumper and others, William Gates and others, John Yates and others, Jane Smith and others, and Maria Loveless and others, respectively, to recover an undivided interest in certain land in Ohio. Judgment was rendered in the circuit court for the defendants. Plaintiffs bring error. Reversed.

These are eight writs of error brought to review the same number of judgments entered in the circuit court of the United States for the Southern district of Ohio. The actions were for the recovery of an undivided interest in real estate situate in a 1,500-acre survey in the Virginia military district of Ohio, entered in the name of Edward Stubblefield. The interest claimed by the plaintiffs was an undivided $42/100$ of the land in question. The facts are substantially like those in the case of Berry v. Seawall, decided at the present term of this court, and reported in 13 C. C. A. 101, and 65 Fed. 742. The plaintiffs claimed as the descendants and heirs at law of Margaret Ann Sinclair, a granddaughter of William Greene Munford, under a warrant which was issued to his heirs and legal representatives for 6,666⅔ acres of land, and directed to the surveyor of the Virginia military land district of Ohio. This warrant was finally satisfied by the issue of several patents to the same beneficiaries, one of which was for 1,500 acres, and embraced the land here in-question. The defendants, in their answer, denied the title of plaintiffs, denied that they had the right of possession, and set up the statute of limitations. The statutes of limitation did not apply, because Margaret Ann Sinclair, through whom the plaintiffs claim, was a married woman at the time her interest in this property accrued, and her husband, who had a tenancy by the curtesy of the land of which she died seised, did not die until less than 21 years before the bringing of the suit. On the trial the defendants sought to establish a parol partition between the heirs of William Greene Munford between the years 1821 and 1824, in which Margaret Ann Sinclair and her husband joined, and by virtue of which she acquired the exclusive right in severalty to the land carried by a patent for 1,300 acres, which she and her husband subsequently sold in 1824, by deed, with covenants of general warranty, for $1,300. There was no direct evidence of the partition, but the proof of its existence rested on circumstances, the chief of which were the warranty deed of Margaret Ann Sinclair for the 1,300-acre tract above referred to, and the quiet possession of the 1,500-acre tract by the plaintiffs and their grantors, the other cotenants of Margaret Ann Sinclair, for more than 50 years. Evidence of the circumstances tending to show such a parol partition was admitted by the court, but, at the close of the case, the court ruled that a parol partition, though followed by correspondent possession, was not a good defense against a married woman in such a case in Ohio, and directed a verdict for the plaintiffs for an undivided one-third of the property in question. To this ruling and instruction to the jury, due exception was taken.

Although the court was of the opinion that a parol partition did not constitute a good defense, the court, nevertheless, for the purpose of facilitating the hearing in the court of appeals, submitted the following questions to the jury: "Third. Was a voluntary parol partition made by and between the heirs and legal representatives of said William Greene Munford, including the original plaintiffs herein, of the lands included in the original land warrants issued by the government of the United States in their favor as such heirs, and including the lands in the petitions herein described? If so, at what date, as nearly as can be determined by the evidence adduced in this case?" To this the jury answered, "No." "Fourth. If such partition was made, did the parties thereto respectively then take possession of and occupy in severalty the portions of said lands thereby assigned to them, and have they and their grantees since then continuously and exclusively so occupied said

lands?" To this the jury answered, "No." "Fifth. If such partition was made, to whom were the lands in the petitions herein described assigned, and under whom do the defendants hold and claim?" To this question the jury answered, "No such partition was made."

The court instructed the jury how they should proceed in their answer to the above questions. "The defense of a parol partition is made by the defendants, and it must not only be established by evidence, but it must be established by a fair preponderance of the evidence. All of these parties supposed they had a title to this land, and dealt with it accordingly, but that fact of itself by no means establishes a partition. The evidence must be such as to satisfy you that an agreement was made between these parties that one should take a part of these lands as his portion, and another, another part as his portion, and so on; or, at least, that the lands described in the partitions were set aside to a coparcener from whom the defendants claim." Defendants asked the court to charge the jury as follows: "Mr. Gardner: We ask your honor to charge the jury that it is not necessary that they should find as a fact that the evidence proved the making of and the actual terms of a contract or agreement of partition, but that they are justified in presuming such agreement to have been made if they find that the heirs of William Greene Munford, about the years 1821 to 1824, had severally, with the knowledge and consent of each other, taken possession of separate and distinct tracts of the land to which they were entitled in common, and sold and conveyed the same by deeds of general warranty, and that they and their grantees, respectively, had since, to the present time, exercised acts of exclusive ownership and control over the respective shares so taken possession of, without objection or claim on the part of the other cotenants." But the court refused to give said charge as asked to the jury (to which defendants then and there excepted), but charged the jury in lieu thereof as follows: "The Court: You are to look to all the circumstances, and these, with whatever direct testimony there may be, must be such as to satisfy you that there was a division of these lands. The setting apart a lot to one of the heirs, and his possession of it, may be circumstances that are explainable and consistent, without attaching to them or connecting them with a partition at all. You are to consider whether they may not be referred to some other cause." To which said part of said charge defendants then and there excepted. Defendants also excepted then and there to the following portion of said charge, in relation to the character of proof required to establish such partition: "The evidence of the partition must be clear enough to fully establish it. You must bear in mind that a partition is the result of an agreement to partition. You must first find from the evidence that these parties agreed upon a partition of these lands, and then, after that, that they carried out this agreement by making the division or partition, and taking possession thereunder."

Humphrey Jones, for plaintiffs in error.

Harlan Cleveland, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge, after stating the facts, delivered the opinion of the court.

In the case of Berry v. Seawall, 13 C. C. A. 101, 65 Fed. 742, it was decided that in Ohio a parol partition consummated by possession and acquiescence under it for any less period than that which creates the bar by the statute of limitation does not vest the legal title in severalty to the allotted shares, but that such a partition acquiesced in for any considerable length of time will estop any person joining in it, and accepting exclusive possession under it, from asserting title or right to possession in violation of its terms;

and that if such a partition is made by the husband of a married woman, and consented to by her, and is fairly and equally made with respect to her rights, it is a good defense against her and her heirs in an action by them to recover her undivided interest in any one of the shares allotted to the other cotenants. Defendants were therefore entitled to the charges embodying these principles which were requested by them and refused by the court. Some question is made by the defendants in error that the defense of estoppel was not set up in the answer below. It is said that the cause was tried below on the theory that such a parol partition, followed by correspondent possession, vested the legal title in the allottees, and that no argument was made in favor of such a defense based on estoppel. The arguments of counsel do not appear in the record, and it is impossible for the court to say whether the view here taken was presented or not. Suffice it to say that the evidence admitted raised the issue, and presented the question of this substantive defense. Under the Code of Ohio, where evidence admitted clearly raises an issue not made by the pleadings, the parties have the right to have such issue submitted to the jury. If objection is made to the form of the pleadings, an amendment will be permitted; but, if no amendment is requested, then the parties must be considered as having waived objection to the pleadings.

In Hoffman v. Gordon, 15 Ohio St. 211, Judge Welsh, speaking for the supreme court of Ohio, said:

"The evident object of the Code is to vest in the court a discretion, where it can be done without surprise or injury, to try the case upon the evidence, outside of the pleadings, and, if objections be made, to allow the pleadings to be conformed to the evidence, at once and without terms."

See Railway Co. v. Whitcomb, 14 C. C. A. 183, 66 Fed. 915; Ely v. Topliff, 41 Ohio St. 357.

More than this, it is by no means clear that the defense of estoppel in pais was not justified under the general denial of the answer. In Kirk v. Hamilton, 102 U. S. 68, which is a leading case upon the subject of defense of estoppel in pais to the action of ejectment, it was held under a plea of not guilty that evidence to sustain such a defense was properly introduced, and that the defense was a valid one. We think, therefore, that the refusal to give the charges requested by the defendant already alluded to was error.

It is contended, however, that, because by the special findings of the jury that there was no parol partition, and no correspondent possession, the error committed in refusing the charges in respect to their effect could not have prejudiced the defendants, and cannot be made the ground for a reversal. That brings us to the question whether, upon the issue presented with requests for special findings, the court below properly instructed the jury as to how they should proceed to determine whether parol partition in fact was had. We think that, in the absence of evidence to the contrary, the fact that cotenants of a tract of land have occupied the several portions in severalty for more than 50 years, with the knowledge

and consent of each other, and have exercised acts of exclusive ownership and control over the respective shares, without objection or claim on the part of other cotenants, raises a strong presumption of fact that there was an actual division by agreement, express or tacit, of the land, between the cotenants, according to the lines of exclusive occupancy, and that the defendants below were entitled to have the matter presented to the jury in this light. Between the time of trial and the date of the alleged partition there was an interval of upward of 70 years. In such a case it is obviously impossible to introduce direct evidence of a parol express agreement to partition. The proof must necessarily rest upon the circumstances, and no circumstances could be stronger than exclusive possession of the several cotenants of portions of the land. It seems to us that the defendants below had a real cause for complaint, in that the court did not sufficiently explain to the jury the weight of this presumption.

The defendants in effect asked the court to tell the jury that they would be justified in presuming a parol partition from the fact that, with the knowledge and consent of each other, they had taken exclusive possession of different tracts to which they were entitled in common, and had sold the same, with covenants of general warranty, or had exercised other acts of exclusive ownership or control, without objection by their co-owners, for more than half a century. This the court refused, suggesting that the setting apart to one of the heirs, and his exclusive possession, might be entirely consistent with there having been no partition. Herein, we think, the court erred, and that the defendants were entitled to the charge as asked. The whole tenor of the charge given had a tendency to impress the jury with the idea that the defendants were under the burden of showing by other circumstances than the actual exclusive possession in severalty, and subsequent acquiescence therein by all concerned, that there had been an express or tacit agreement to partition. In our opinion, no such burden rested on defendants; and after the exclusive possession in severalty by the heirs of the various parts of the common land, and general acquiescence therein, were shown, the jury might well have inferred a parol partition, unless other circumstances rebutted the presumption thus arising.

Our view of the presumption that follows from an actual division and exclusive occupancy for many years is supported by the case of Jackson v. Miller, 6 Wend. 232, and the note of the learned editor, Mr. Freeman, in the report of the case in 21 Am. Dec. 316. See, also, Bogardus v. Trinity Church, 4 Sandf. Ch. 732; Markoe v. Wakeman, 107 Ill. 251; Adie v. Cornwell, 3 T. B. Mon. 276–283.

The judgment of the court below is reversed, with directions to order a new trial.