## Betts, *et al. v.* Ward.

### Bill for Partition.

(Decided February 16, 1916. Rehearing denied June 1, 1916. 72 South. 110.)

1. **Contracts; Avoidance; Restitution.**—A party may not avoid a voidable contract, and at the same time enjoy the benefits derived thereunder.

2. **Partition; Agreements; Estoppel.**—Where a co-tenant demanded partition, and went into immediate and exclusive possession of the portion of

[Betts, et al. v. Ward.]

the land set apart to him by parol agreement, he and his successors in title were estopped to repudiate such agreement, or to question its validity, and their interest in the balance of the tract ceased to exist in equity.

3. Same; Requisites.—Actual separation of parts is not necessary to a partition, but any act of the co-tenants allotting to each the portion of the property which he can take and enjoy without interrupion, is sufficient.

4. Same.—In a partition it is not necessary that each co-tenant take his own share in severalty, but the co-tenants may divide the land in such manner as they deem most conducive to their mutual interests, and two or more may take shares as tenants in common.

5. Same; Ratification.—An attempted partition originally ineffectual or voidable becomes binding by the ratification or acquiescence of all persons interested in the property.

6. Same; Who May Attack Validity.—A stranger cannot attack the validity of a partition between co-tenants.

7. Same.—A mortgagee of the undivided interest of a co-tenant cannot attack a voluntary partition fairly made between the co-tenants, unless it be tainted with fraud affecting his interest.

8. Same; Mode of Division.—While a partition under a voluntary agreement is not binding upon co-tenants who did not enter therein, nor upon purchasers who had no notice, yet the court will, in subsequent partition proceedings, set off the shares in accordance with the attempted partition insofar as it can do without serious injury.

9. Same; Statutory Provision.—Sections 5203, 5214, 5215, 5221, and 5231, Code 1907, do not authorize partition, at the suit of one holding under foreclosure of a mortgage on a portion of the tract allotted to a co-tenant by a parol partition, of the balance of the tract.

10. Vendor and Purchaser; Bona Fide; Notice.—Where a co-tenant after parol partition and allotment to him of his portion of the land and his assumption of immediate possession, conveyed other pertions of the tract of which he was not in possession, his purchaser was charged with notice of fact sufficient to put him on inquiry that would lead to notice of the true status of the title.

11. Same; Possession.—Where the grantor had no title or possession of the land conveyed, his purchaser is not a bona fide purchaser for value and without notice.

12. Same; Quit Claim Deed.—A grantee under a quit claim deed is put on inquiry, and is not a bona fide purchaser without notice.

13. Partition; Cross Bill.—Where the bill avers a joint ownership of the lands, and invokes the aid of a court of equity for sale for partition, a cross bill seeking the affirmance of a prior parol partition, and the correction of the conveyances under which complainants claim, as a cloud on respondent's title, and a cancellation of other conveyances to complainant as a cloud on the title acquired by the parol partition is not subject to demurrer.

14. Same.—In such an action a cross bill seeking affirmance of a former parol partition, correction of conveyances under which complainant claims as a cloud on respondent's title, and a cancellation of other conveyances to complainant as a cloud on title acquired by the parol partition, sets up an independent equity which would sustain the jurisdiction of the court notwithstanding the original bill had been dismissed by complainant.

**15. Appeal and Error; Presenting Question in Lower Court; Pleading.—** Where, by sustaining demurrers to the cross bill, the court required it to be amended by striking therefrom the portions relating to conveyances of a certain tract, the question of duress in the procurement of the conveyance of such tract cannot be considered on appeal.

APPEAL from Madison Chancery Court.
Heard before Hon. W. H. SIMPSON.
Bill by Robert L. Ward against Martha L. Betts and others, for a sale of land for partition. Decree for complainants and respondent appeals. Affirmed in part, and in part reversed and remanded.

DAVID A. GRAYSON, and TURNER PETTY, for appellant. LANIER & PRIDE, COOPER & COOPER, and R. E. SMITH, for appellee.

THOMAS, J.—On March 5, 1878, John L. Blair and wife conveyed to Sim Jordan the northwest quarter of the northeast quarter of section 9, township 4, range 1 west, reserving as a roadway narrow strips, 30 feet wide on the west side, and 15 feet wide on the north side thereof. It is undisputed that the mother of appellants furnished the money with which these lands were bought. On November 29, 1880, Sim Jordan and wife conveyed to the appellants and Jackson Fletcher the 40 acres in question, with the exception of said 30 feet on the west and 15 feet on the north.

Before 1890, one of the joint owners, Jackson Fletcher, becoming 21 years of age, insisted on a partition of said lands, and his portion, one-fifth, was accordingly marked off and set apart to him as 8 acres. The lines and corners thereof were fixed and he was given, and assumed, the immediate and exclusive possession of this tract. After assuming such possession, on December 28, 1891, said Fletcher and his wife mortgaged to Mary A. Murphy 6 of the 8 acres, describing this tract by metes and bounds, it being the tract now indicated on the map as "D." After this mortgage was foreclosed by Mary A. Murphy, on March 6, 1905, she and her husband made appellee a deed to said tract, describing it as: "Six acres in the southeast corner of northwest quarter of the northeast quarter of section 9, township 4, range 1 west, and more fully described as follows, to-wit: Beginning at a stake in the center of the northeast quarter of section 9, township 4, range 1 west, thence west 15.12 chains, thence

[Betts, et al. v. Ward.]

north 4 chains, thence east 15.12 chains, thence south 4 chains
to beginning, containing 6 acres more or less."

These conveyances recognize the partition of the lands made
at the instance of Jackson Fletcher, the allotment of his one-fifth
of the same, and his conveyance of said 6-acre tract thereof ac-
cording to the allotment.

(1) It is elemental that a party may not disaffirm a voidable
contract and at the same time enjoy the benefits received there-
under.—*B. R., L. & P. Co. v. Hinton*, 158 Ala. 470, 475, 48 South.
546; *Snead v. Scott, et al.*, 182 Ala. 97, 62 South. 36; *Harrison v.
Ala. Mid. Ry. Co.*, 144 Ala. 246, 40 South. 394, 6 Ann. Cas. 804.
This rule prevails both at law and in equity.—*B. R., L. & P. Co. v.
Jordan*, 170 Ala. 530, 537, 54 South. 280.

(2) Grounded on the same reasoning is our holding that,
having demanded partition and gone into the immediate and ex-
clusive possession of the portion of land set apart to him, Jackson
Fletcher and the several grantees under him, or those claiming
through them, are estopped to repudiate the parol agreement
for the allotment, or to question its validity. This is in line with
the holding of Lord Chancellor Hardwicke, in *Ireland v. Rittle*,
1 Atkyns, 541, case 256. In *Neale v. Neale*, 15 Eng. Ch. Rep. 673,
the Master of the Rolls held that the parol agreement of parti-
tion was "in the nature of a family arrangement and followed
by the uninterrupted several enjoyment of the portions allottted
to the two brothers, respectively, in one agreement which this
court will enforce." The decision was appealed from, and was
affirmed by the Lord Chancellor. As long as the reason for a
rule exists, so long does the rule prevail.—*Bank v. Plannett's
Adm'r*, 37 Ala. 222; Cow. & H. Notes (1st pt.) 310.

In *Yarborough's Adm'r v. Avant*, 66 Ala. 526, 631, Chief
Justice BRICKELL announced the same principle and cited, as
authority therefor, *Hazen v. Barnett*, 50 Mo. 506; Freeman on
Cotenancy and Partitions, § 402. He said: "The parol parti-
tion, accompanied by possession, not continued so long that, in a
court of law, the statute of limitations would operate a bar to a
real action by Yarbrough, or his heirs, in which the legal estate
resided, passed to Avant a mere equitable title, of which the court
of law, on the trial of the real action, could take no notice.
* * * A court of equity will intervene, and confirm a parol
partion of lands which is founded on a valuable consideration,
when it is attended by possession. * * * The court proceeds

upon the same principle on which bills of peace are entertained, quieting the enjoyment of equitable rights, establishing them by decree, and removing clouds from title."

In *Hazen v. Barnett, supra,* the court said: "Although it is laid down that a parol partition is good as between the parties when accompanied by possession, yet it seems to me that the equitable title only passes, which by adverse possession may ripen into a legal estate. In my opinion the plaintiffs had a right to have this parol partition confirmed by a decree vesting in them whatever title the defendant had in the premises."

The general statement of the rule in section 402 of Freeman on Cotenancy and Partition is based on Lord Chancellor Hardwicke's opinion in the *Ireland-Rittle Case, supra.* Mr. Freeman concludes as follows: "While the legal title might not, perhaps, be considered as passing by parol partition, unless after a possession sufficiently long to justify the presumption of a deed, yet the parol partition, followed by a several possession, would leave each cotenant seized of the legal title to one-half of his allotment and the equitable title to the other half, and by a bill in chancery he could compel from his cotenant a conveyance of the legal title according to the terms of the partition."—*Tomlin v. Hilyard,* 43 Ill. 302, 92 Am. Dec. 118; *Eaton v. Tallmadge,* 24 Wis. 221; *Buzzell v. Gallagher,* 28 Wis. 678; Freeman on Cot. & Part. § 408, and authorities.

Mr. Justice SAYRE collects many authorities in *Oliver v. Williams,* 163 Ala. 376, 50 South. 937, to the effect that in ejectment a parol partition between tenants in common, followed by possession taken and retained thereunder, may be given in evidence as binding on them and as tending to show a repudiation of the other cotenants' rights, and as a claim of exclusive ownership brought actually to the knowledge of the other cotenants. He says: "The case of *Yarborough v. Avant,* 66 Ala. 526, seems to recognize, inferentially at least, that a parol partition of lands, followed by possession, continued for so long a time that the statute of limitation operates as a bar, vests in the cotenants legal title to the parts assigned to them respectively. At the common law a voluntary partition of lands could be made by parol between tenants in common."

The opinion (163 Ala. 382, 50 South. 939) closes a discussion of the American cases with these words: "Judge Freeman (section 398, Cot. & Part.) concludes it to be evident that a parol

[Betts, et al. v. Ward.]

partition of the lands of cotenants; when followed by possession taken or retained in pursuance of it, is binding upon them, is gaining rather than losing ground, and that, while there may be difference of opinion respecting the reasons on which the proposition ought to rest, practically, it makes little difference what view prevails; for under either each cotenant is entitled to retain the land so partitioned and allotted to him."—*Hollis, et al. v. Watkins,* 189 Ala. 292, 66 South. 29.

In 21 Am. & Eng. Ency. Law (2d Ed.) 1138-1141, the text is: "In equity, however, it is very generally considered that a parol partition, followed by exclusive possession in severalty and the exercise of ownership by the parties or those claiming under or through them, for a considerable time, even though not long enough for the possession to ripen into title by virtue of the statute of limitations, with the acquiescence of all concerned, will be binding upon the parties so far as to give to each cotenant the equitable title to and the right to exclusive possession of his part, and may be enforced in a court of equity on the ground that such possession and acquiesence constitute a part of the performance (*Welchel v. Thompson,* 39 Ga. 559, 99 Am. Dec. 470; *Lacy v. Gard,* 60 Ill. App. 72; *Weed v. Terry,* 2 Doug. [Mich.] 344, 45 Am. Dec. 257; *Kennemore v. Kennemore,* 26 S. C. 251, 1 S. E. 881), or that the actions of the parties joining in and accepting exclusive possession under the parol partition will estop them from asserting any title or right to possession in violation of its terms."—*Whaley v. Dawson,* 2 Sch. & Lef. 367; *Berry v. Seawell,* 65 Fed. 742, 13 C. C. A. 101; *Allen v. Seawell,* 70 Fed. 561, C. C. A. 217; *Le Bourgeoise v. Blank,* 8 Mo. App. 434.

(3) Actual separation of the parts is not necessary to a partition, but an act of the co-partners allotting to each a portion of the property which he can take and enjoy without interruption is sufficient.—*Compton v. Mathews,* 3 La. 128, 22 Am. Dec. 167.

(4) It is not necessary in a partition among cotenants that each shall take his own share in severalty, but they may divide their lands in such way and manner as they deem most conducive to their mutual interests, and two or more may take shares as tenants in common.—*Folger v. Mitchell,* 3 Pick. (Mass.) 396; *Smith v. Hill,* 168 Ala. 317, 52 South. 949.

(5-7) An attempted partition, originally ineffectual or voidable, becomes valid and binding by the ratification or acqui-

[Betts, et al. v. Ward.]

escence of all the persons interested in the property.—*Simmons v. Spratt*, 26 Fla. 449, 8 South. 123, 9 L. R. A. 343; *Bacon v. Shultz*, 35 La. Ann. 1059; *Gulick v. Huntley*, 144 Mo. 241, 46 S. W. 154; *Sutton v. Porter*, 119 Mo. 100, 24 S. W. 760, 41 Am. St. Rep. 645; *Dow. v. Jewell*, 18 N. H. 340, 45 Am. Dec. 371; *Jackson v. Richtmyer*, 13 Johns. (N. Y.) 367; *Goodhue v. Barnwell*, Rice, Eq. (S. C.) 198; *Brazee v. Schofield*, 2 Wash. T. 209, 3 Pac. 265; *Walter v. Walter*, 1 Whart. (Pa.) 292. A stranger cannot attack the partition of cotenants (*Simmons v. Spratt, supra*) nor can a mortgagee of the undivided estate of a cotenant attack a voluntary partition fairly made between the cotenants if the partition be not tainted with fraud affecting his interests (*Long's Appeal*, 77 Pa. 151).

In the case before us, the mortgage to Murphy was not of an undivided interest in the lands, but of the whole interest in the 6-acre tract, of the allotment to the mortgagor of his interest in the lands; and the attack now sought to be made is not by Mrs. Murphy, the mortgagee, but by her grantee. This insistence of the appellee is untenable.

In *Long's Appeal, supra*, the court said, of the right of a mortgagee to contest a partition: "A mortgagee of an undivided estate is not entitled to be made a party to a proceeding in partition. He is not the owner of the estate, but a mere incumbrancer, who cannot claim to elect or to refuse a purport, to give security for owelty, or to do any act affecting the title or estate of his mortgagor. His estate is defeasible, and the moment his debt is paid it ceases. What sort of a decree would it be to award him the share or purport of his mortgagor until his debt should be paid? On what principle should a mere incumbrancer, whose estate is liable at any moment to be defeated, claim the right to say what share shall be taken for his mortgagor, or to refuse to take any? He cannot thus interfere with the lasting rights of the owner. How far a court would permit him to come into the proceedings to defend his interests against unfairness, and thus protect his security, is not the question. In order to be entitled to be made a party, he must have an estate, as owner, such as would confer the rights and powers of an owner. If then he cannot claim to be a party at law, he cannot object to a voluntary partition by the parties themselves. If competent they are not bound to go to law to make the partition. When partition is made the security of the mortgage follows the separation, and

attaches to the estate held in severalty. The only right the mortgagee has is to object to unfairness or fraud affecting his interest; but if the partition be fairly made, he cannot gainsay it. He loses nothing, and his security gains an advantage in being freed from the interference of cotenants."

(8) While a partition made under voluntary agreement is not binding as to cotenants who did not enter therein, nor as to purchasers who had no notice, the court will, in subsequent partition proceedings, set off the shares in accordance with the partition previously attempted, as far as this can be done without serious injury.—*McDonald v. Donaldson* (C. C.) 47 Fed. 765; *Campau v. Campau,* 19 Mich. 116; *Gates v. Salmon,* 46 Cal. 362; *Pringle v. Sturgeon,* Litt. Sel. Cas. (Ky.) 112; *High v. Tarver* (Tex. Civ. App. 1894), 25 S. W. 1098.

The foregoing authorities settle definitely that when the 8 acres were set off to Jack Fletcher at his insistence, his interest in the balance of the 40 acres ceased to exist in equity.

The 6-acre tract, indicated as "D" on the map attached to the bill, was conveyed by Jackson Fletcher to Mary A. Murphy on December 28, 1891, more than 20 years before the bill was filed in this cause, which was on December 31, 1912.—*Payne v. Ryder,* 24 Beav. 151; *Blacker v. Dunlop,* 93 Ga. 819, 21 S. E. 135; *Love v. Love,* 28 N. C. 104; *Fleming v. Kerr,* 10 Watts. (Pa.) 444.

In *Goodman v. Winter,* 64 Ala. 410, 430, 38 Am. Rep. 13, Chief Justice BRICKELL said, of possession after partition: "The partition or division simply designates the portion or share of the estate, real and personal, each devisee or legatee is entitled to hold in severalty under the will. The possession, with claim of exclusive title to the premises in controversy—exclusive, so far as the other devisees are concerned—by Mrs. Holcombe and those claiming under her, for more than 20 years, was sufficient evidence of a partition, or division, and of her title in severalty. * * * The presumption that there had been a division or partition, and the premises had been assigned to her, would arise from the length of possession."—*McArthur v. Carrie,* 32 Ala. 75, 70 Am. Dec. 529; *Harrison v. Heflin,* 54 Ala. Ala. 552; *Kidd, et al. v. Borum,* 181 Ala. 144, 161, 61 South. 100, Ann. Cas. 1915C, 1226.

The presumption is indulged in furtherance of justice, but is not allowed to work injustice.—*Jones v. McPhillips,* 82 Ala. 102, 112, 2 South. 468.

The presumption of the partition and allotment of Jack Fletcher's interest in the lands must be indulged, not only in furtherance of justice, but to prevent injustice sought to be done the other former joint owners who ratified the partition on coming of age. The evidence is clear that the partition was made at the insistence of Jack Fletcher. In his testimony Fletcher tells how he insisted that his part of the land be partitioned from that of his brothers and sisters, and how his 8 acres were marked off and set apart to him in two tracts—a 2-acre tract that he conveyed to Simeon Jordan, and the 6-acre tract that he thereafter mortgaged to Murphy. He further states that after he "got the 8 acres measured off" to him he "did not ever claim any interest in the rest of the land," but "left the rest of the 40 to the other children;" that he then rented a portion of the land from the other children, that apportioned to or set apart for them; that his part of the land was measured off and allotted to him several years before he deeded the 6-acre tract thereof to Murphy; that this measurement and allotment, and his assumption of the immediate and exclusive possession thereunder, occurred about 35 years before witness was called to testify in this cause. Thus Jackson Fletcher and his grantees, and those holding under or through them, by this partition, were estopped and precluded from claiming an interest in any portion of the remaining 32 acres set apart to, and held by Martha Jordan, John Jordan, Anna Lee Jordan, and Mary Jordan, under the deed to them by Sim Jordan and wife, Mariah, of date November 29, 1880. Any other conclusion would make it possible for Jackson Fletcher to have thus received his portion by parol partition had at his insistence, and, after holding the same for a time sufficient to complete the bar of the statute, sell or dispose of it; and then, on final partition of the remainder of the lands between the joint owners attaining majority, to participate with them in such division. This is what complainant seeks to accomplish by this bill.

(9) Such a result would not be in consonance with principles of equity. Nor does our statutory provision for partition, or sale for division, lead to a contrary view. The statutes provide that partition may be had, as a matter of right, on the application of one or more of the joint owners or tenants in common (Code 1907, § 5203) ; that annulment may be obtained in chancery, of any partition procured by fraud or undue influence by which any

[Betts, et al. v. Ward.]

of the parties obtained an unfair allotment (Code, § 5214) ; that when there is a lien on the undivided interest of any of the parties, on partition the same attaches to the share assigned to such party (Code, § 5215) ; that the power of statutory partition conferred "does not prevent a resort to any lawful mode of obtaining partition of lands" (Code, § 5221) ; and that the chancery court shall have jurisdiction of partition or sale for division (Code, § 5231).

The complainant, as grantee, through and under Jackson Fletcher, seeks to hold the 6-acre tract D allotted to said Fletcher, and by him conveyed in severalty to Murphy and by Murphy conveyed in severalty to complainant (2 Bl. Comm. 179) ; and yet asks that a court of chancery decree a sale and division of the remaining lands of the original 40-acre tract, with permission to complainant to participate therein.—*Thompson, et al. v. Busch-Everett Co.*, 133 La. 938, 63 South. 474.

When the infant joint owners reached their respective majority, and ratified the partition, no third person could have an annulment thereof or question the sufficiency of the allotment.

(10) After this partition and allotment to Jackson Fletcher of his portion of the land, and his assumption of the immediate possession thereof, his subsequent conveyance of other tracts of this Blair 40—the northwest quarter of northeast quarter of said section 9, he not being in possession of the same—constituted notice or facts sufficient to put on inquiry that would lead to notice to subsequent purchasers of the true status of the title of the respondents.

(11) The appellee was not a bona fide purchaser without notice, since Jordan had no title to, or possession of, the land sought to be conveyed by him to appellee at the time of the conveyance.—*Smith v. Lowe*, 1 Atkyns, 490, case 233 ; *Harris, et al. v. Carter's Adm'r, et al.*, 3 Stew. 233 ; *Scroggins v. McDougald, et al.*, 8 Ala. 382 ; *King v. Paulk*, 85 Ala. 186, 4 South. 825 ; *McCullars v. Reeves*, 162 Ala. 158, 50 South. 313 ; *Lester v. Walker*, 172 Ala. 104, 55 South. 619.

(12) A grantee of lands under a quitclaim deed is put upon inquiry, and is not a bona fide purchaser without notice.—*Tillotson v. Kennedy*, 5 Ala. 407, 39 Am. Dec. 330 ; *Barclift v. Lillie*, 82 Ala. 319, 2 South. 120 ; *O'Neal v. Seixas*, 85 Ala. 80, 4 South. 745 ; *Wood v. Holly Mfg. Co.*, 100 Ala. 326, 13 South. 948, 46 Am.

9—196

St. Rep. 56; *Rucker v. T. C., I. & R. R. Co.*, 176 Ala. 456, 58 South. 465.

The evidence is clear that after this partition and allotment to Jackson Fletcher of the two tracts aggregating 8 acres indicated on complainant's map attached as Exhibits D and C, said Fletcher had no further interest in the other lands in said quarter section, and could convey no title or interest therein to his grantees. The chancellor will enter a proper decree pursuant to this parol partition, and the view we have expressed, investing Martha Betts, John Jordan, Anna Lee Jordan, and Mary Robinson with the title to the tracts B, E, and F, as shown on complainants' exhibit map, or B, F, G, H, and I, as shown on respondents' exhibit map and will further enter proper decree of reformation and cancellation of the several deeds of conveyance under which complainant seeks to hold an interest as purchaser from Jackson Fletcher and Sim Jordan, of the said lots, and which are specifically pointed out in the cross-bill and the exhibits thereto, removing such cloud on the title to the said respective lots. For this purpose the cause is reversed and remanded.

The court erred in sustaining demurrer to the cross-bill. The relief sought therein was germane to the purpose of the original bill; the complainant having averred a joint ownership of the lands by purchase of Jackson Fletcher's interest, and, as such grantee, invoked the aid of a court of equity for its sale for division. The cross-bill in effect sought an affirmance of the parol partition, a correction of the conveyances under which the complainant claimed, as a cloud on respondents' title, and a cancellation of other conveyances to complainant, as a cloud on the title acquired by the parol partition of the whole tract of land, of which respondents and complainant's grantee, Jackson Fletcher, were the original joint owners.

(14) The respondents have even set up an independent equity which would have sustained the jurisdiction of the court had the original bill been dismissed by complainant.—*Etowah Min. Co. v. Wills V. Co.*, 121 Ala. 672, 25 South. 720; *Yarborough v. Avant, supra;* Sims' Ch. Pr. § 649.

Under the evidence the chancellor correctly decreed cancellation and annulment of the deed from Jackson Fletcher to Henry Fletcher, of date December 19, 1912, recorded in Deed Book 105, p. 337; and cancellation and annulment of the deed of Henry

Fletcher and wife to Robert L. Ward, of date December 20, 1912, recorded in Deed Book, 106, p. 338. The decree in this respect is affirmed.

(15) The question as to duress in the procurement of the conveyances to lot A cannot be considered on this appeal. The amendment of respondent's cross-bill, by striking therefrom so much as related to tract A, was compelled by the court's ruling on demurrer. Thus was eliminated on the trial any inquiry as to the validity of the conveyances by which tract A was alleged to be held by complainant. The cause is reversed and remanded for other pleading and proof as to this lot, if so desired.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.